Eugene SANDSTRUM et ux., Appellants,

v.

Charles H. MAGRUDER et al., Appellees.

No. 16252.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 25, 1974.

Rehearing Denied May 23, 1974.

———◆———

David J. Nagle, Neal Y. Pickett, Houston, for appellants.

McLeod, Alexander, Powel & Apffel, James L. Anthony, Galveston, for appellees.

On Motion for Rehearing

EVANS, Justice.

On motion for rehearing we have determined that the cause must be reversed and remanded and we accordingly withdraw our original opinion dated February 21, 1974 affirming the trial court's action and substitute this opinion.

This is an appeal from an order of the District Court of Galveston County, 10th Judicial District, denying appellants' motion to reinstate their case after it had been dismissed for want of prosecution.

In appellants' original petition filed on May 13, 1970, they sought damages arising out of an automobile accident allegedly caused by the negligence of Deborah Magruder in driving her car on the wrong side of the road and asserted liability on behalf of her father, Chester Magruder, on the basis of negligent entrustment. Appellees filed general denial and special exceptions asserting that appellants' allegations of negligent entrustment constituted a conclusion of law unsupported by factual allegations; that appellants' allegations of "other acts of negligence" were likewise vague, as also were the allegations with reference to appellants' injuries and damages "in excess of $1,000.00."

In March of 1973 appellants requested a trial setting on the general docket for Monday, June 18, 1973. On May 25, 1973 a pre-trial docket call was held in Galveston and at that time the trial court sustained the appellees' special exceptions and set the case for trial for June 11, 1973. The court's order did not specify a date certain for filing of an amended pleading to meet such special exceptions.

On the morning of June 11, 1973 the case was called for trial in Galveston and when appellants failed to appear the trial court entered its order dismissing the case for want of prosecution. On June 20, 1973, appellants filed their verified motion for reinstatement of the cause which alleged that the cause had been dismissed for want of prosecution at approximately 11:30 a. m. on June 11, 1973; that appellants' counsel had arrived at the Galveston County Courthouse at approximately 11:40 a. m. to announce in said cause and was informed that the Court had dismissed the cause of action for want of prosecution. In said motion appellants further stated that their counsel had driven to Galveston from Houston and "would have arrived at the courtroom earlier than 11:30 a. m. but for severely inclement weather and extremely hazardous driving conditions, which forced counsel to slow to a speed of 20 to 25 miles per hour for more than one-third of the distance"; that he immediately requested the judge to reinstate the matter on June 11, 1973 but the court refused and that except for "a few minutes' delay" no inconvenience would have been suffered by the court or parties had the case been then reinstated; that the plaintiffs' attorney had appeared for docket call on May 25, 1973 and announced ready for trial; that the action had not been on file for an unreasonable period of time and that no motion for continuance had ever been requested by appellants; that appellants were prepared and ready for trial for the week of June 11, 1973; that their counsel's non-appearance at the time the case was called at "the second

docket call" was not an intentional act and did not grow out of conscious indifference but was "solely due to the extraordinary inclement weather and extremely hazardous travel conditions beyond the control of plaintiffs' counsel and about which he had no advance warning until traveling to Galveston." In said motion appellants further state that the prior experience of their counsel in the district courts of Galveston County was limited to two trials; that in both such prior cases the Clerk of the Court had called said attorney to notify him his case had either been reached on the docket or could be expected to be reached at an early time and for him to stand by; that he inferred that such was the practice of all courts in Galveston County and had no information to the contrary; that he received no notification from the District Court or the District Clerk's office regarding the case; that he was notified by a third party as to the fact that the case would be called for trial and upon receipt of such information, he attempted to verify same through the District Clerk's office and through the Clerk of the Court but was unable to receive any verification and upon being unable to reach the court's officers in the courtroom, he immediately left his office in Houston, Texas to travel to Galveston and thereupon reported directly to the courtroom without delay. Appellants' said motion concludes that the counsel was at all times ready, able and willing and desirous of trying the case; that his failure to be present at the call on June 11, 1973 was due in part to his mistaken reliance upon his prior experience that he would be notified by the Court Clerk when the case had been called for trial, and because of the "unexpected severe weather conditions which slowed normal travel time from Houston to Galveston by more than 25 minutes."

A hearing was had on appellants' motion on June 29, 1973 and after hearing the testimony, the court refused to reinstate the case.

At the hearing on appellants' motion to reinstate, appellants' counsel testified he had never sought a continuance in the suit; that on May 25, 1973 he had announced ready for trial and was ready for trial; and that on June 11, 1973, the day the case was dismissed, his clients were "standing by" for trial; that on the morning of June 11, 1973, he was called by a friend, who happened to be in the courtroom in Galveston, who informed him that the case had been "called"; that he attempted to contact personnel in the courtroom but was unsuccessful; that he was prepared to go forward with his amended petition on June 11 when he arrived in Galveston, but did not file the amended petition with the court.

Appellees' counsel testified, upon being shown a copy of appellants' amended petition, that he considered the petition was still defective because it alleged damages "in excess of $1,000.00"; he said he would have voiced objections to the filing of such amended petition. He argued that such petition was insufficient to put the defendant on notice whether appellants were claiming loss of $1,000.00 or of some unknown amount "in excess of" that sum. Appellees' counsel further testified he advised the court on the morning of June 11, 1973, when he asked that the case be dismissed for want of prosecution, that no amended pleading had been filed at that time.

Appellants' counsel knew that his case was set for trial, along with other cases, for the morning of Monday, June 11, 1973. However, there is no showing of any effort being made to ascertain the status of the other cases set for that same day, whether such cases were to be tried or settled, nor as to whether his presence was or was not required by the particular court in which the case was to be called; instead, appellants' counsel relied entirely upon the experience he had in two prior cases in Galveston. While appellants' counsel testified that his clients were "standing by" there is no showing they were present in court or that they made any effort to ask the court for any delay due to the absence of their attorney. See Harrison v. Oak Cliff Land Co., 85 S.W. 821 (Tex.Civ. App.1905, writ ref.).

"It is essential to the proper dispatch of the business of the courts that the attorneys be present when their cases are called; a strong showing should therefore be made to excuse the absence of an attorney on such an occasion." 20 Tex.Jur.2d, Dismissal, § 47.

The local rules of the District Courts of Galveston County provide with great specificity the manner of making announcements at the sounding of the civil jury calendar, at the holding of pre-trial conferences and at the sounding of the trial docket of the term when the case is set for trial. These rules specify that the trial docket shall be called at 9:15 A.M. on the Monday of that particular term of court and if no announcement is made by the plaintiff when the case is called, it shall be dismissed for want of prosecution.

■ A trial court has the inherent right to dismiss a suit for want of prosecution, such matter being within its judicial discretion, subject to review only upon a clear showing of abuse. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85 (1957). Under the circumstances outlined above, we cannot say the trial court did not act within its discretion in ordering the case dismissed for want of prosecution.

However, the question which causes us much concern is whether the trial court, having dismissed the suit, erred in refusing to reinstate. Rule 165a, Texas Rules of Civil Procedure, effective February 1, 1973, contains the following provisions:

"A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing, trial or docket call of which he had notice . . .

"Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake . . . "

We are of the opinion that the evidence adduced upon the hearing on motion to reinstate does not justify a conclusion that the failure of appellants' counsel to appear and announce at the call of the trial docket was intentional or the result of conscious indifference; we therefore hold that under the provisions of this statute, the trial court erred in refusing to reinstate the suit.

The record reflects that appellants' counsel had in his possession and exhibited upon the hearing an amended petition which he proposed to file in response to the court's order sustaining special exceptions. Appellees' counsel contended this amended petition remained defective in one particular, to wit: it did not allege a specific sum of damages but alleged damages "in excess of" a stipulated sum. While we can understand the trial court's annoyance with appellants' counsel, the matter could have been readily corrected and the record does not reflect that counsel refused to make such correction.

We recognize the discretionary power of the trial court to dismiss an action for want of prosecution upon failure of counsel to amend pleadings after an order sustaining exceptions. 4 McDonald, Texas Civil Practice, Sec. 17.18, pp. 101–102; McCamey v. Kinnear, 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). However, upon the facts of this case, we believe the trial court erred in refusing to reinstate upon appellants' motion and after hearing when appellants tendered the amended pleading.

■ The trial court was empowered to enforce its pre-trial order by contempt proceedings against appellants' counsel, by a further order striking the amended pleading unless the defect remaining was corrected, or by an order dismissing the entire suit. See Ship Ahoy, Inc. v. Whalen, 347 S.W.2d 662 (Tex.Civ.—Houston, 1st, 1961, n.w.h.).

In Shaw v. Universal Life & Accident Insurance Co., 123 S.W.2d 738, 742 (Tex. Civ.App.—Dallas 1938), the court stated:

"We do not undervalue the right of a court to point out defects of form in pleadings, cure, by motions and exceptions, the pleadings to make more definite and certain, allegations of facts and require a repleader when it deems necessary; and, certainly, we do not underwrite the action of an attorney in refusing to obey all proper orders of a court; but, to accomplish the purposes intended, punishment for disobedience should be meted out to the one guilty of contempt, before dismissing plaintiff's suit, as the plaintiff is usually the least offender."

We hold that the trial court exceeded its authority in refusing to reinstate the suit. We grant appellants' motion for rehearing and reverse and remand the cause for further proceedings.