Gussie F. STOOT, Appellant,

v.

SOUTHERN PACIFIC COMPANY, Appellee.

No. 1171.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 11, 1975.

Rehearing Denied July 2, 1975.

Writ of Error Granted Oct. 8, 1975.

Robert G. Coltzer, Baker, Coltzer, Allmond & Coltzer, Galveston, for appellant.

Robert W. Alexander, McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

COULSON, Justice.

This is an appeal from a final judgment of the district court of Galveston County dismissing for want of prosecution appellant's suit for personal injuries.

The appellant, Gussie F. Stoot, on August 11, 1971, filed suit in Galveston County against Southern Pacific Company, appellee, for personal injuries allegedly suffered on August 12, 1969. The appellant alleged that he sustained serious and permanent injuries as a result of a fall while descending from one of the passenger coaches owned and operated by the appellee. The suit was brought for the sum of $115,000.

On July 17, 1973, the parties were notified that the cause was being placed on the dismissal docket for want of prosecution. A hearing on the appellant's motion to reinstate was had on October 2, 1973. At that time the case was set for trial on the non-jury docket for November 29, 1973. However, on October 5, 1973, the appellee demanded a jury trial. As a result of the appellee's demand for jury trial, the case was removed from the non-jury docket. At the request of the appellee, the deposition of the appellant, Gussie F. Stoot, was taken on January 31, 1974. The deposition was filed by the reporter on August 14, 1974.

On October 17, 1974, the district clerk again notified the parties that the case had been placed on the dismissal docket for want of prosecution. The appellant, on November 15, 1974, filed a motion for reinstatement pursuant to the local rules of Galveston County. That motion was heard on December 17, 1974. After a full evidentiary hearing on the matter, the court denied the appellant's motion for reinstatement and entered an order dismissing the case. The court's final written order of dismissal was entered on January 2, 1975.

The appellant filed a motion for rehearing on the motion for reinstatement on January 29, 1975. However, no order was ever entered on that motion. Appellant has perfected this appeal from the order of the trial court dismissing his cause of action.

As his only point of error the appellant asserts that "[t]he trial court erred in overruling Plaintiff's Motion to Reinstate and in dismissing Plaintiff's suit for want of prosecution."

 In his brief the appellant recognizes that the trial court's decision to dismiss his suit for want of prosecution rests with the sound judicial discretion of the trial court. The appellant also recognizes that it was his duty to prosecute this suit to a conclusion with reasonable diligence. Where there has been an unreasonable delay in the prosecution of a suit, and such delay has not been sufficiently explained, there is a conclusive presumption of abandonment of appellant's suit and dismissal is justified. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957); *Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489 (1942); *Missouri P. R. Co. v. Liberty County Water C. & I. Dist.*, 483 S.W.2d 50 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

 A suit may be dismissed for want of prosecution even though the appellant objects to the dismissal at the hearing thereon and manifests his intention to prosecute the suit to judgment. *Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948 (Tex.Civ.App.—Houston 1967, writ ref'd n. r. e). In this case the trial court reviewed the entire record. Such review revealed that no action was taken by the plaintiff from the date of the filing of this suit on August 11, 1971, until the date of the initial notice of dismissal given on July 17, 1973. That two year period of total inactivity bears on the question of the appellant's diligence in the prosecution of this suit.

The evidence introduced at the hearing on December 17, 1974, tends to demonstrate the following facts. From the time this suit was filed in 1971, until sometime in 1973, the appellant's attorney was under unusual time limitations due to the fact that his partner ran for and was elected to the Texas State Legislature. The appellant's attorney testified that, during this two year period, attorneys in the Galveston area practicing criminal law were under pressure to aid in overcoming a large back log of criminal cases. A new district court has been created in Galveston County, and that court had focused its attention on disposing of a back log of criminal cases which had evolved over the years. The record does not show why the trial court, at the initial hearing on dismissal for want of prosecution on October 2, 1973, decided not to dismiss the case, and set it for trial on the non-jury trial docket. However, we may infer that the trial court determined that the above outlined facts were sufficient cause to retain the case on the trial docket.

During the twelve month period from October 2, 1973, until October 17, 1974, the deposition of the appellant was taken at the request and on the insistence of the appellee. There was also evidence that some negotiations for settlement of the case took place during this period of time. The other testimony presented at the December 17, 1974, hearing focused on the presence or absence of certain witnesses who might be necessary at a trial of the case on the merits. It was the appellee's position that at least one of the key witnesses was deceased, that the defendant Railroad no longer operated passenger services, and hence the Company no longer employed a number of employees who had been present at the time of the appellant's injury. It was the appellee's position that the appellant's lack of diligence in prosecuting this case prejudiced the Railroad in defending itself against the claims asserted by Stoot.

 Although in this case there was not that extraordinary level of activity which was present in the *Rorie* case, the evidence in this record does not sustain the finding by the trial court that this case

should be dismissed for want of prosecution. In reviewing the cases involving dismissal of a suit for want of prosecution, we have found that in most of those suits the case had been on file for four to eight years. The number of years that a case has been on file is not an absolute rule for measuring due diligence. However, the presumption in favor of dismissal for want of prosecution tends to become stronger with age. In this case, plaintiff's petition had been on file for only three years at the time of dismissal, had it been on file eight, seven, or even five years, dismissal would have been more justified. *See Bevil v. Johnson, supra* at 88.

Reversed and remanded.