Martha BARRETT, Appellant,

v.

Dr. Elaine MANTOOTH, Appellee.

No. 1663.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 20, 1977.

Rehearing Denied Aug. 10, 1977.

John H. Holloway, Houston, for appellant.

V. W. McLeod, James L. Ware McLeod, Alexander, Powel & Apffel, Inc., Galveston, W. N. Arnold, Jr., Russell H. McMains, Fulbright & Jaworski, Thomas S. Hornbuckle, Houston, for appellee.

CIRE, Justice.

Plaintiff appeals from the overruling of a motion to reinstate her case which had been dismissed for want of prosecution.

Appellant Martha Barrett brought this suit in Galveston County for damages arising out of the alleged malpractice of appellee Dr. Elaine Mantooth and other physicians. The record discloses the following activity in the case:

| | |
|---|---|
| March 29, 1974 | Suit filed against defendant Mantooth |
| April 19 | Defendant Mantooth's answer |
| April 26 | Plaintiff's interrogatories propounded to Dr. Mantooth |
| May 2 | Defendant Mantooth's interrogatories propounded to plaintiff |
| May 9 | Plaintiff's first amended petition |
| May 23 | Defendant Mantooth's answers to interrogatories |
| May 28 | Plaintiff's second amended petition adding five defendants |
| June 21 | Answer of defendants Dr. Joe Magliolo, Dr. Albert Magliolo, and Dr. Amedeo Magliolo |
| July 3 | Answer of defendants Dr. Kenneth Griffith and Dr. Katy Youngblood |
| July 19 | Plaintiff's answers to interrogatories |
| August 5 | Defendant Mantooth's correction of answers to interrogatories |
| August 6 | Plaintiff's supplemental petition |
| August 9 | Plaintiff's third amended petition |
| September 5 | Answer of defendant Magliolo Clinic Associated |
| September 10 | Answer of defendant Dr. Edward F. Good |
| September 12 | Answer of defendant Dr. Lynn Pearson |
| September 18 | Plaintiff's notice of intention to take oral deposition |
| September 20 | Defendant Good's motion to quash notice to take deposition |
| December 9 | Plaintiff's interrogatories to defendants Pearson and Good |
| January 20, 1975 | Defendant Good's answer to interrogatories |
| January 30 | Defendant Pearson's answers to interrogatories |
| July 1 | Plaintiff's notice of intention to take oral deposition |
| January 16, 1976 | Defendants' notice of intention to take deposition of Dr. Robert J. Goodall. |

In July 1976 the case was placed on the dismissal docket pursuant to the local rules of court of Galveston County, which require inclusion on that docket of civil jury cases which have been on file for over two years and are not set for trial or other hearing. The court's docket sheet shows that a postcard giving notice that the case had been placed on the drop docket was mailed to plaintiff's counsel on July 19, 1976 and another postcard giving notice of dismissal was mailed on August 27, 1976. The case was dismissed for want of prosecution by order of the court signed August 27, 1976. Plaintiff filed her motion to reinstate the case, under rule 165a, Texas Rules of Civil Procedure, on February 14, 1977.

The court held a hearing on plaintiff's motion to reinstate on February 18, 1977. Plaintiff's attorney, John N. Holloway, testified he did not receive either the notice that the case was being placed on the drop docket or the notice of dismissal. He said that he first received notice of the dismissal on January 20, 1977, when the district clerk's office telephoned and advised him that his request for trial setting made a few days earlier could not be considered because the case had been dismissed. Holloway outlined the procedure consistently followed in his office for processing notices that a case had been placed on the drop docket and said he always followed up on such notice to maintain his cases on the docket. He stated that he always prosecuted his cases and that he would have filed a motion to retain this case on the docket had he received notice that it was to be dismissed.

James R. Chapman, an attorney working for Holloway, and Lawanda Wagner, Holloway's secretary, both testified as to the system used for handling dismissal notices and stated that the firm did not receive any notice, by mail or otherwise, that the case had been dismissed for want of prosecution.

Juanita Monroe, secretary to the Honorable Hugh Gibson, in whose court the case had been pending, testified that she personally sent out notices that this case had been placed on the drop docket and notices that the case had been dismissed, and that such notices had been sent to Holloway's firm. The record contains photocopies of the front of postcards mailed to the parties' counsel (including appellant's counsel) giving notice that the case had been placed on the drop docket and other postcards mailed to the same counsel notifying them that the case had been dismissed. V. W. McLeod, of Galveston, and W. N. Arnold, Jr., of Houston, attorneys for two of the defendants in this case, testified that they received postcard notices that the case had been placed on the drop docket and that the case had been dismissed. The notices addressed to McLeod's firm were introduced into evidence.

Thomas Hornbuckle, attorney for one of the defendants, also testified that his firm received the two postcard notices. He related a conversation he had with Holloway on August 11, 1976, during which this exchange took place:

THEN I SAID WHAT ARE YOU GOING TO DO ABOUT THAT MANTOOTH MATTER, THAT CASE HAS BEEN PLACED ON THE DROP DOCKET AND HE SAID WELL THAT DOESN'T HAVE ANY PARTICULAR OR RATHER THAT DOES NOT PRESENT ANY PARTICULAR PROBLEM BECAUSE ALL ONE NEED DO IS FILE A MOTION TO RETAIN THE CASE ON THE DOCKET.

The court overruled plaintiff's motion to reinstate the case, finding "that plaintiff's counsel received notice of the dismissal and/or the court's intention to dismiss within time to have filed a motion for new trial within 20 days after the case was dismissed."

Plaintiff appeals from that order on nine points of error. The first point asserts the court erred in placing this case on the dismissal docket where (1) the records of the court showed diligence in prosecuting the suit, (2) there had been no motion filed by defendants suggesting a failure to prosecute the case with diligence, and (3) there had been no motion contending defendants had been prejudiced by a failure to set the case. In her second point, appellant contends the court's dismissal of the suit was a violation of due process of law in that there was no evidence offered to support the trial court's implied finding that plaintiff had abandoned her suit or had failed to use diligence in prosecuting it. But these points complain of error prior to the dismissal for want of prosecution and are immaterial to this appeal.

It is clear from the records on file that plaintiff's counsel was diligently prosecuting this case. The only reason the case was placed on the drop docket was that it had been on file for more than two years. The Galveston County drop docket procedure has received much judicial scrutiny. *Southern Pac. Transp. Co. v. Stoot*, 530 S.W.2d

930 (Tex.Sup.1975), *reversing* 527 S.W.2d 765 (Tex.Civ.App.-Houston [14th Dist.]); *Kelly v. Holbrook*, Docket No. 1571 (Tex. Civ.App.-Houston [14th Dist.], April 20, 1977, no writ) (unreported); *Sandstrum v. Magruder*, 510 S.W.2d 388 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.). This court, in *Stoot*, questioned the wisdom of creating a presumption of failure to prosecute a suit where it had been on file only three years. 527 S.W.2d at 768. (That rule has now been amended to provide for placement on the drop docket two years after filing.) We recall also the dictum of Justice Critz, that a case should not be dismissed on the ground of abandonment unless abandonment clearly appears. *Loftus v. Beckmann*, 1 S.W.2d 268, 270 (Tex.Comm'n App. 1928, jdgmt adopted). This court still does not favor a procedure whereby a case is arbitrarily placed on a dismissal docket after two years, without regard to the complexity of the case, the amount of discovery required, or the diligence of the lawyer in prosecuting it. But the supreme court, in *Stoot*, approved the procedure of the Galveston County district courts, appellant's counsel had notice of the local rule, and the court followed it.

Texas Rules of Civil Procedure 165a provides that within 30 days after the signing of the order of dismissal, the court must reinstate the case upon finding, after hearing, that the failure of the party or his attorney which brought on the dismissal was not intentional or the result of conscious indifference but was due to accident or mistake. Appellant's counsel claims not to have received notice of the dismissal until some five months after the signing of the order and thus did not request such a hearing at which he could have shown diligence in prosecuting the case. That hearing was appellant's sole vehicle for airing those issues. The only points of error now remaining for our consideration are those dealing with the legal and factual sufficiency of the evidence to support the trial court's finding.

■ After the expiration of 30 days from the dismissal of the case for want of prosecution, a court may reinstate it when, after a hearing, the court finds that neither the party nor his attorney received a mailed notice or actual notice of either the court's intention to dismiss or the order of dismissal prior to 20 days after the signing of the order. Tex.R.Civ.P. 165a. This hearing must be held, and the case must be reinstated, if at all, within 30 days after the party or his attorney first received either mail notice or actual notice, but not later than six months after the date of signing the order of dismissal. *Caddell v. Gray*, 544 S.W.2d 481, 483 (Tex.Civ.App.-Waco 1976, no writ); *Riley v. Mead*, 531 S.W.2d 670, 672 (Tex.Civ.App.-El Paso 1975, no writ); *Cosper v. Aetna Life & Cas. Co.*, 513 S.W.2d 121, 122 (Tex.Civ.App.-Dallas 1974, no writ); Tex.R.Civ.P. 165a.

■ Appellant had such a hearing, at which the trial court found her counsel had notice of the dismissal and/or the court's intention to dismiss within 20 days after the case was dismissed. There was a question of fact presented and even though, under all the circumstances of this case, we might have been inclined to hold in favor of appellant, the trial court held otherwise. The court could have based this finding upon Hornbuckle's testimony that he told Holloway of the case being put on the drop docket on August 11, which was 16 days before the case was dismissed. It could have also based its finding upon the testimony of the judge's secretary that the notices were mailed and the testimony of defendants' counsel that they received notices. As to the second basis of the court's finding, proof of mailing a properly addressed and stamped postcard gives rise to a rebuttable presumption that the postcard was duly received by the addressee. The testimony of appellant's counsel and his associate and secretary that the notices were never received cannot be held to be so clear, positive, and disinterested as to overcome the inferences flowing from the fact of mailing. *Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 455–58, 159 S.W.2d 854, 857–58 (1942). Accordingly, we overrule appellant's points of error three through

nine, attacking the trial court's finding as erroneous as a matter of law and against the great weight and preponderance of the evidence.

 On oral argument, counsel for appellant urged the position that notice of the dismissal must be sent to the plaintiff directly, not just to plaintiff's counsel. We disagree. Rule 165a provides that notice of the signing of the order of dismissal shall be given as provided in rule 306d. Rule 306d requires notice of any final judgment or other appealable order be sent by postcard to each party as provided in rule 21a. Rule 21a states that notice may be sent to the party, his agent, or attorney of record.

The order of the trial court overruling appellant's motion to reinstate the case is affirmed.