## PRODUCER'S CONSTRUCTION COMPANY, Petitioner,

v.

## Barron MUEGGE, et al., Respondents.

### No. C–2357.

Supreme Court of Texas.

May 16, 1984.

Crady & Peden, Douglas S. Johnston and Phillip J. Kochman, Houston, for petitioner.

John E. Hawtrey, Bryan, for respondents.

PER CURIAM.

This is a limited appeal in which only a partial statement of facts is included in the record. The issue is whether Producer's Construction Co. is entitled to the presumption in Rule 377(d)[1] that nothing omitted

---

**1.** All rule references are to Texas Rules of Civil    Procedure.

from the record is relevant to the disposition of the appeal. The court of appeals held that Producer's failed to provide a complete statement of facts and was not entitled ·to the presumption, 670 S.W.2d 275. We grant the application for writ of error, and without hearing oral argument, reverse the judgments of the court of appeals and the trial court, and remand the cause for a new trial. TEX.R.CIV.P. 483.

Barron Muegge, Charles Holland, Louis Dent, Morris Burkhalter, Ron Vandiver and Don Vandiver sued Producer's Construction Company, Don Morris, and Joe Rosson to clear a cloud on title to land. Producer's counterclaimed against Muegge for breach of contract, and against Muegge and Holland for enforcement of three promissory notes.

The case was tried to the court. A partial statement of facts, which included the trial court proceedings from the close of Muegge's case in chief through the rendition of judgment, was included in the record on appeal.

At the close of Muegge's case in chief, Producer's, Morris and Rosson dictated motions for judgment in the record. Muegge moved to sever their separate causes of action. Producer's counsel then stated he was ready to proceed. The trial judge indicated he would take the motions under advisement, discussed various scheduling problems, and stated he did not wish to continue hearing evidence at the time. The trial judge stated:

> JUDGE: All right, what the Court is going to do is to take all these Motions under advisement, and maybe perhaps more seriously the Motion of Mr. Hawtrey to sever, and based upon what the Court does on that then if you all plan to go forward with the counterclaim or whatever, so that's what the Court is going to do. Give the Court about a week. I'll give you all some alternate dates. We can finish this thing if we have to.
>
> \* \* \* \* \* \*
>
> JUDGE: The Court is not saying at this point it's going to sever or not sever.

What the Court may do, it may rule on a portion of the case and then let you gentlemen decide if you all want to go forth as far as evidence is concerned on the rest of the case.

Instead of holding further proceedings, the court, a month later, rendered final judgment awarding Muegge judgment on the claim to clear cloud on title and denying all other relief.

Producer's argues that denial of the opportunity to present defense evidence and evidence in support of its counterclaims is reversible error. It contends the partial statement of facts is sufficient for review of this error. We agree.

The pertinent parts of Rule 377 provide as follows:

> (b) Abbreviation of Statement. All matters not essential to the decision of the questions presented on appeal shall be omitted.
>
> \* \* \* \* \* \*
>
> (d) If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Appellee may designate additional portions of the evidence to be included in the statement of facts.

Producer's complied with Rule 377 by limiting its statement of facts and designating the points to be relied on in the appeal. Muegge failed to designate additional parts of the evidence to be included. Therefore, Producer's is entitled to the presumption in Rule 377(d) that nothing omitted from the record is relevant to the disposition of the appeal.

The partial statement of facts and the judgment show that Producer's was not given an opportunity to present its defense and evidence in support of its counter-

claims. The trial court erred in rendering judgment before Producer's had an opportunity to present evidence and rest its case. TEX.R.CIV.P. 262, 265.

The decision of the court of appeals conflicts with Rule 377. Therefore, we grant petitioner's writ of error and, without hearing oral argument, reverse the judgments of the court of appeals and trial court and remand the cause for a new trial. TEX.R. CIV.P. 483.