**Nabil A. KHATIB, Appellant,**

v.

**Khaled MILOUD, Appellee.**

**No. 2–85–103–CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 22, 1986.

Law Offices of Joe Snelus, Joe Snelus, Fort Worth, for appellant.

Harrold Freeman, Stephenville, for appellee.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a judgment rendered against appellant, Nabil Khatib, the defendant in this contract action brought by Khaled Miloud, appellee, landlord and plaintiff below, to recover damages for nonpayment of rent and for injury to the rental property. Judgment was for appellee for $20,494.63 plus attorney's fees.

We affirm.

 The record reflects that only a general denial had been filed by appellant. The case went to trial to the court on Monday, January 7, 1985. No findings of fact or conclusions of law were requested or filed. Further, the record before us does not contain a statement of facts of either the trial or the hearing on appellant's motion for new trial.[1] The judgment recites that both parties and their attorneys appeared for trial, announced ready, and submitted the case to the trial court which rendered judgment for appellee. In their briefs, the parties state that appellee was presenting his case to the court when the judge recessed for lunch at noon and instructed the parties and their attorneys to return at 2:00 p.m. Appellant and his attorney were late for the continuation of the trial after the noon recess. Appellee's brief informs us that when appellant and his attorney were not present at 2:00 p.m., "[a]fter a short wait, plaintiff was instructed to proceed. Plaintiff called his last witness and then rested his case after examination of the witness." Appellant and his attorney still were not present when the court granted judgment for appellee at 2:25 p.m., from which action appellant appeals.

Appellant filed a motion for new trial and attached affidavits setting out as an explanation for his failure to timely appear that he had been delayed by construction on I-30 and on Weatherford Street in Fort Worth. Also attached was an affidavit from appellant's attorney's secretary which stated that she had called the court to inform them that the appellant would be a little late. In his affidavit, appellant's attorney stated that he did not leave his office after the noon recess to go back to the courthouse until 1:50 p.m. He stated that it is normally a 10 to 12 minute drive from his office to the Civil Courts Building. The motion for new trial did not contain any defenses to the contract action but merely stated that "the trial court erred in refusing to allow [appellant] to present his case and any defense he may have at trial ...". A hearing was held on the motion for new trial which was denied by the trial court.

 In his first point of error appellant contends that "the trial court abused its discretion in denying appellant's motion for new trial when the supporting evidence clearly established that the appellant's and his attorney's tardiness to the hearing was not a result of conscious indifference, but was due to circumstances beyond the control of appellant and his attorney". Appellant contends that he has shown good cause for why a new trial should be granted under TEX.R.CIV.P. 320 which provides in pertinent part:

New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct.

Appellant contends that there was undisputed evidence that there had been roadway construction on the roadways leading to the Tarrant County Civil Courts Building which caused appellant and his counsel to be delayed in traffic and to be approximately 25 minutes late for the continuation of the trial.

Appellant cites *Sandstrum v. Magruder*, 510 S.W.2d 388 (Tex.Civ.App.—Houston

---

1. In a trial to the court where no findings of fact or conclusions of law are filed, the judgment of the trial court implies all necessary findings of fact in support thereof. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). Although appellant tendered a statement of facts to the clerk of this Court, this item could not be filed or considered by us inasmuch as it was more than 4 months past the date it was due to be filed and appellant had not previously requested an extension of time for filing same. *See* TEX.R.CIV.P. 21 and 377.

[1st Dist.] 1974, writ ref'd n.r.e.) (opinion on rehearing) in support of his position. The court in *Sandstrum* held that the trial court abused its discretion in overruling a motion to reinstate that cause which was dismissed for want of prosecution. The court in *Sandstrum* held that the evidence adduced upon a hearing on the motion to reinstate did not justify the conclusion that the failure of that appellant's counsel to appear at the scheduled trial setting was intentional or the result of conscious indifference since counsel explained that his 30-minute delay in appearing in the trial court was caused by extremely hazardous driving conditions due to severely inclement weather. *See id.* Rule 165a, of the Texas Rules of Civil Procedure, in pertinent part, contains the following provision:

(1) A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear at any hearing or trial of which the party or attorney had notice, ...

\* \* \* \* \* \*

(2) [T]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

We are of the opinion that Rule 165a does not apply in this case. Here, there was no dismissal for want of prosecution but rather a post-answer default judgment was entered. There was no motion to reinstate the case but rather a motion for new trial was filed. The correct rule applicable to motions for new trial filed to set aside default judgments entered on failure of a defendant to file an answer, or those entered on failure to appear for trial is as follows:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex. 1966); *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). Although we have found no case on all fours with the facts of the instant case, we hold that this rule also applies in a case such as this where an answer was filed and where the defendant showed up for trial but failed to reappear after a trial recess.

The record shows that the failure of appellant and his counsel to reappear for trial was probably not intentional nor the result of conscious indifference, but was due to accident or mistake. However, this issue need not be further discussed as the decision of the trial court must be affirmed on another ground.

The judgment of the trial court must be affirmed because appellant, in his motion for new trial, failed to allege or "set up" a meritorious defense to the contract action as required by the rule discussed in *Ivy* and *Craddock.* Because appellant failed to discharge his burden of showing a meritorious defense, we hold that the trial court did not abuse its discretion in overruling the motion for new trial. Appellant's first point of error is overruled.

■ In a second point of error appellant contends that the trial court abused its discretion by denying appellant the right to present his case and any defenses he may have had at trial. Appellant contends that TEX.R.CIV.P. 265(c) and (d) provide that the defendant in a civil action shall have the right to cross-examine witnesses and to present evidence on his own behalf. Appellant contends that he was denied his right to be heard.

Appellant was not denied his right to be heard. Appellant's remedy was to file a motion for new trial setting up meritorious defenses to the contract action. Here, appellant had not pled any affirmative defenses in his original answer nor in the motion for new trial.

Appellant cites *Producer's Construction Company v. Muegge,* 669 S.W.2d 717 (Tex. 1984) (per curiam) in support of his position. In *Producer's,* the defendant in that case was sued in a trial to the court to clear a cloud on title to land. The trial court in that case took several motions under advisement and informed the parties that he would let them "decide if [they] want[ed] to go forth as far as evidence is concerned on the rest of the case". Instead of holding further proceedings, the court, a month later, entered final judgment awarding the plaintiff in that case judgment on the claim to clear cloud on title and denying all other relief. The Court of Appeals held that the trial court erred in rendering judgment before the defendant in that case had an opportunity to present evidence and rest its case, citing TEX.R.CIV.P. 262, and 265. *Id.* at 718, 719. This case differs from *Producer's* because the appellant in *Producer's* was at all times available and ready for trial. No post-answer default judgment was entered in *Producer's.* In this case, appellant was not available for continuation of trial and a judgment was rendered due to his absence. Appellant was afforded an opportunity to present any defenses he may have had but he did not show up at trial at the assigned time. Therefore, appellant's remedy was to file a motion for new trial setting up a meritorious defense, which he failed to do. Appellant's second point of error was overruled.

The judgment of the trial court is affirmed.