TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00661-CV







LaTondra Askew d/b/a Professional Care Facility II, Appellant



v.



State of Texas, Appellee









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GV300291, HONORABLE DAVID CAVE, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 LaTondra Askew, doing business as Professional Care Facility II, appeals from the
permanent injunction and judgment against her. The district court enjoined her from operating an
assisted living facility without a license, assessed civil penalties of $15,000 for operating such a
facility without a license, and awarded attorney's fees to the State. Askew contends on appeal that
the court erred by refusing to empanel a jury, denying her request to develop a bill of exception, and 
ruling before allowing her to present her case. We will affirm the injunction and judgment.



BACKGROUND


 Askew operates Professional Care Facility II ("Facility II") as an assisted living
facility. (1) She applied for a license to do so in 1999. While that application was pending, the State
investigated and found that she was illegally providing assistance with medications and activities of
daily living to four residents at Facility II without a license. Consequently, the State denied her
license application in November 2002. In December 2002, a state inspection showed that, despite
not being licensed, Askew was caring for five residents.

 The State sought an injunction to prevent Askew from operating an assisted living
facility without a license. In June 2003, the district court held a hearing on the State's request for
permanent injunction. It proceeded without a jury because the district court found that Askew filed
her request for jury trial six days late.

 Askew testified that, at time of trial, she had licenses to run two assisted living
facilities--Professional Care Facility I beginning in 1996 and Facility II beginning in 1999. When
she opened Facility II, she did not have a license, but she was caring for only two clients--below the
threshold of four at which licensing is required. See Tex. Health & Safety Code Ann. §§ 247.002,
247.021 (West 2001 & Supp. 2004-05). In 2001, however, she provided assistance at Facility II to
at least four clients knowing that she needed a license to do so legally. She testified that some of the
clients at Facility II on the date of one of the inspections were only there temporarily. Diana
Cawthorn, a facilities surveyor for the State, confirmed that Facility II had four patients when Askew
did not have a license for the facility. She conceded that she saw no problems with the facility, but
stated that she was there to assess its status as an assisted living facility, not to inspect the quality
of care provided.

 The court granted the injunction preventing Askew from operating Facility II or any
other assisted living facility without a license. The injunction also bars her from, among other
things, administering medication to any individuals without a license when one is required. The
court assessed $15,000 in penalties against Askew and awarded the State $7,000 in attorney's fees.


DISCUSSION


 Askew contends that the court erred by refusing to empanel a jury, denying her
request to develop a bill of exception, and ruling before allowing her to present her case.


Jury trial

 There is no right to a jury trial in a civil case in district court unless a party demands
and pays for the jury in advance as prescribed by law. Tex. Const. art. V, § 10. The jury request and
a $10 fee are due no later than thirty days before trial. Tex. R. Civ. P. 216. An additional $20 must
be paid no later than 10 days before trial. Tex. Gov't Code Ann. § 51.604 (West 1998); see also
Universal Printing Co. v. Premier Victorian Homes, Inc., 73 S.W.3d 283, 292 (Tex. App.--Houston
[1st Dist.] 2001, pet. denied). The court may nevertheless permit a jury trial if to do so would not
interfere with the orderly handling of the court's docket, delay the trial, or injure the opposite party. 
Universal, 73 S.W.3d at 293. We review the trial court's denial of a jury demand by examining the
entire record for an abuse of discretion. Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666
(Tex. 1996). We can find an abuse of discretion only when the trial court's decision is made
arbitrarily, unreasonably, and without reference to guiding principles. See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 Askew did not file her request or fee timely and did not show herself entitled to a
waiver of those requirements. She filed her request and fee on June 24, 2003--six days before the
trial date of June 30, 2003. She did not show the lack of disruption, delay, or injury that would
permit the court to allow a jury trial, nor did she move for a continuance. The only indication in the
record is that the court's time was limited. The State alleges in its brief without contravention that
the trial involved witnesses who had traveled from Dallas to Austin, occurred during a non-jury
week, and was set before a visiting judge who was not available at a later time. These circumstances
support a conclusion that granting a jury trial would have disrupted the court's docket and delayed
the trial. The district court did not abuse its discretion by denying Askew's late request for jury trial.


Bill of exception

 Askew complains that the district court erred by denying her request to make a bill
of exception to present sworn testimony. The reporter's record reveals that, after Askew and
Cawthorn testified, the State asked to release its witnesses. Askew objected, contending that she
wanted to cross-examine any other facilities surveyors who had helped prepare exhibits that had been
admitted. The court denied this request, stating that the exhibits were already admitted and that the
time allotted for the trial had already been exceeded; the court initially stated that Askew could call
one of the witnesses but, after continued discussion, determined that none of the additional witnesses
would provide relevant evidence. The court noted that Askew had admitted the central issue of the
case--that she had operated Facility II without a license for at least four days. When Askew asked
to make a bill of exception for the witnesses not called, the court denied the request.

 To show error in the exclusion of evidence, the offering party must object to the
exclusion, have the trial court overrule or refuse to overrule the objection, make an offer of proof
showing the substance of the excluded evidence and have its substantial rights be affected by the
exclusion. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1(a); see also Porter v. Nemir, 900 S.W.2d 376,
383 (Tex. App.--Austin 1995, no pet.). "To complain on appeal about a matter that would not
otherwise appear in the record, a party must file a formal bill of exception." Tex. R. App. P. 33.2. 
Askew does not state in her brief the names of witnesses she wished to call. The record includes the
name of one witness who was present, excused, and not called, but there is nothing showing what
her testimony would have been. Although the court made clear that it did not have time for Askew
to make a bill of exception on the day of trial, Askew had until 30 days after filing the notice of
appeal to make a formal, written bill of exception. See Tex. R. App. P. 33.2(e)(1). Askew did not
file a formal bill of exception showing who she would have called and what their testimony would
have been. Askew has not preserved this error for review.

 Even if Askew had shown error, she has not shown harm as required. See Sanchez
v. Brownsville Sports Ctr., Inc., 51 S.W.3d 643, 664 (Tex. App.--Corpus Christi 2001, pet. granted,
judgm't vacated w.r.m.); Houston Lighting & Power Co. v. Russo Props., Inc., 710 S.W.2d 711, 717
(Tex. App.--Houston [1st Dist.] 1986, no writ). The State claimed it proved that Askew operated
Facility II for 48 days without a license; Askew admitted only 4 days. The court was empowered
to assess a fine of between $1000 and $10,000 for each day of illegal operation. See Tex. Health &
Safety Code Ann. § 247.045(c) (West 2001). The court assessed $15,000 total in fines for 4 days
of violation, which amounts to $3750 per day. (The court opined orally that it would have assessed
$30,000, but acceded to the State's suggested fine.) The court awarded the State $7000 of the $9000
in attorney's fees requested. There is no showing that the testimony from these witnesses would
have affected either of these amounts or the nature of the injunctive relief.


Rendering judgment without allowing presentation of defense case

 Askew complains that the district court erred by rendering judgment before she
presented her case. She relies on a rule of civil procedure providing that, after the party with the
burden of proof introduces its evidence, the adverse party "shall then introduce his evidence." See
Tex. R. Civ. P. 265. She urges that this order of proceedings mandates that she be allowed to
introduce evidence, and that the district court erred by preventing her from doing so. See Producer's
Constr. Co. v. Muegge, 669 S.W.2d 717, 719 (Tex. 1984).

 This case is not controlled by Muegge, however, because that court found error in the
trial court's failure to allow the defendant to present evidence on its counterclaims. See id. at 718. 
Askew did not have counterclaims. Askew testified and cross-examined the other witness who
testified on the State's case. As just discussed, the record does not name the witnesses Askew
intended to call or what their testimony would have been. Nor does she, in her brief, name witnesses
she intended to call. At the hearing, she stated only that she wanted to examine other witnesses who
participated in the preparation of exhibits admitted. The State asserts without contradiction that
Askew had not subpoenaed or disclosed any witnesses she intended to call. She has not shown error
or harm from the court rendering judgment when it did.



CONCLUSION


 Having found no harmful error in the actions Askew challenges, we affirm the district
court's judgment.



 

 Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: January 21, 2005
1. An "assisted living facility" is an establishment that: "(A) furnishes, in one or more
facilities, food and shelter to four or more persons who are unrelated to the proprietor of the
establishment; and (B) provides personal care services." Tex. Health & Safety Code Ann.
§ 247.002(1) (West Supp. 2004-05).