# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00661-CV

### LaTondra Askew d/b/a Professional Care Facility II, Appellant

### v.

### State of Texas, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. GV300291, HONORABLE DAVID CAVE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

LaTondra Askew, doing business as Professional Care Facility II, appeals from the permanent injunction and judgment against her. The district court enjoined her from operating an assisted living facility without a license, assessed civil penalties of $15,000 for operating such a facility without a license, and awarded attorney's fees to the State. Askew contends on appeal that the court erred by refusing to empanel a jury, denying her request to develop a bill of exception, and ruling before allowing her to present her case. We will affirm the injunction and judgment.

**BACKGROUND**

Askew operates Professional Care Facility II ("Facility II") as an assisted living facility.[1] She applied for a license to do so in 1999. While that application was pending, the State investigated and found that she was illegally providing assistance with medications and activities of daily living to four residents at Facility II without a license. Consequently, the State denied her license application in November 2002. In December 2002, a state inspection showed that, despite not being licensed, Askew was caring for five residents.

The State sought an injunction to prevent Askew from operating an assisted living facility without a license. In June 2003, the district court held a hearing on the State's request for permanent injunction. It proceeded without a jury because the district court found that Askew filed her request for jury trial six days late.

Askew testified that, at time of trial, she had licenses to run two assisted living facilities—Professional Care Facility I beginning in 1996 and Facility II beginning in 1999. When she opened Facility II, she did not have a license, but she was caring for only two clients—below the threshold of four at which licensing is required. *See* Tex. Health & Safety Code Ann. §§ 247.002, 247.021 (West 2001 & Supp. 2004-05). In 2001, however, she provided assistance at Facility II to at least four clients knowing that she needed a license to do so legally. She testified that some of the clients at Facility II on the date of one of the inspections were only there temporarily. Diana Cawthorn, a facilities surveyor for the State, confirmed that Facility II had four patients when Askew

---

[1] An "assisted living facility" is an establishment that: "(A) furnishes, in one or more facilities, food and shelter to four or more persons who are unrelated to the proprietor of the establishment; and (B) provides personal care services." Tex. Health & Safety Code Ann. § 247.002(1) (West Supp. 2004-05).

did not have a license for the facility.  She conceded that she saw no problems with the facility, but stated that she was there to assess its status as an assisted living facility, not to inspect the quality of care provided.

The court granted the injunction preventing Askew from operating Facility II or any other assisted living facility without a license.  The injunction also bars her from, among other things, administering medication to any individuals without a license when one is required.  The court assessed $15,000 in penalties against Askew and awarded the State $7,000 in attorney's fees.

## DISCUSSION

Askew contends that the court erred by refusing to empanel a jury, denying her request to develop a bill of exception, and ruling before allowing her to present her case.

**Jury trial**

There is no right to a jury trial in a civil case in district court unless a party demands and pays for the jury in advance as prescribed by law.  Tex. Const. art. V, § 10.  The jury request and a $10 fee are due no later than thirty days before trial.  Tex. R. Civ. P. 216.  An additional $20 must be paid no later than 10 days before trial.  Tex. Gov't Code Ann. § 51.604 (West 1998); *see also Universal Printing Co. v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 292 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  The court may nevertheless permit a jury trial if to do so would not interfere with the orderly handling of the court's docket, delay the trial, or injure the opposite party. *Universal*, 73 S.W.3d at 293.  We review the trial court's denial of a jury demand by examining the entire record for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).  We can find an abuse of discretion only when the trial court's decision is made

3

arbitrarily, unreasonably, and without reference to guiding principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Askew did not file her request or fee timely and did not show herself entitled to a waiver of those requirements. She filed her request and fee on June 24, 2003—six days before the trial date of June 30, 2003. She did not show the lack of disruption, delay, or injury that would permit the court to allow a jury trial, nor did she move for a continuance. The only indication in the record is that the court's time was limited. The State alleges in its brief without contravention that the trial involved witnesses who had traveled from Dallas to Austin, occurred during a non-jury week, and was set before a visiting judge who was not available at a later time. These circumstances support a conclusion that granting a jury trial would have disrupted the court's docket and delayed the trial. The district court did not abuse its discretion by denying Askew's late request for jury trial.

**Bill of exception**

Askew complains that the district court erred by denying her request to make a bill of exception to present sworn testimony. The reporter's record reveals that, after Askew and Cawthorn testified, the State asked to release its witnesses. Askew objected, contending that she wanted to cross-examine any other facilities surveyors who had helped prepare exhibits that had been admitted. The court denied this request, stating that the exhibits were already admitted and that the time allotted for the trial had already been exceeded; the court initially stated that Askew could call one of the witnesses but, after continued discussion, determined that none of the additional witnesses would provide relevant evidence. The court noted that Askew had admitted the central issue of the

4

case—that she had operated Facility II without a license for at least four days. When Askew asked to make a bill of exception for the witnesses not called, the court denied the request.

To show error in the exclusion of evidence, the offering party must object to the exclusion, have the trial court overrule or refuse to overrule the objection, make an offer of proof showing the substance of the excluded evidence and have its substantial rights be affected by the exclusion. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1(a); *see also Porter v. Nemir*, 900 S.W.2d 376, 383 (Tex. App.—Austin 1995, no pet.). "To complain on appeal about a matter that would not otherwise appear in the record, a party must file a formal bill of exception." Tex. R. App. P. 33.2. Askew does not state in her brief the names of witnesses she wished to call. The record includes the name of one witness who was present, excused, and not called, but there is nothing showing what her testimony would have been. Although the court made clear that it did not have time for Askew to make a bill of exception on the day of trial, Askew had until 30 days after filing the notice of appeal to make a formal, written bill of exception. *See* Tex. R. App. P. 33.2(e)(1). Askew did not file a formal bill of exception showing who she would have called and what their testimony would have been. Askew has not preserved this error for review.

Even if Askew had shown error, she has not shown harm as required. *See Sanchez v. Brownsville Sports Ctr., Inc.*, 51 S.W.3d 643, 664 (Tex. App.—Corpus Christi 2001, pet. granted, judgm't vacated w.r.m.); *Houston Lighting & Power Co. v. Russo Props., Inc.*, 710 S.W.2d 711, 717 (Tex. App.—Houston [1st Dist.] 1986, no writ). The State claimed it proved that Askew operated Facility II for 48 days without a license; Askew admitted only 4 days. The court was empowered to assess a fine of between $1000 and $10,000 for each day of illegal operation. *See* Tex. Health & Safety Code Ann. § 247.045(c) (West 2001). The court assessed $15,000 total in fines for 4 days

5

of violation, which amounts to $3750 per day. (The court opined orally that it would have assessed $30,000, but acceded to the State's suggested fine.) The court awarded the State $7000 of the $9000 in attorney's fees requested. There is no showing that the testimony from these witnesses would have affected either of these amounts or the nature of the injunctive relief.

**Rendering judgment without allowing presentation of defense case**

Askew complains that the district court erred by rendering judgment before she presented her case. She relies on a rule of civil procedure providing that, after the party with the burden of proof introduces its evidence, the adverse party "shall then introduce his evidence." *See* Tex. R. Civ. P. 265. She urges that this order of proceedings mandates that she be allowed to introduce evidence, and that the district court erred by preventing her from doing so. *See Producer's Constr. Co. v. Muegge*, 669 S.W.2d 717, 719 (Tex. 1984).

This case is not controlled by *Muegge*, however, because that court found error in the trial court's failure to allow the defendant to present evidence on its *counterclaims*. *See id*. at 718. Askew did not have counterclaims. Askew testified and cross-examined the other witness who testified on the State's case. As just discussed, the record does not name the witnesses Askew intended to call or what their testimony would have been. Nor does she, in her brief, name witnesses she intended to call. At the hearing, she stated only that she wanted to examine other witnesses who participated in the preparation of exhibits admitted. The State asserts without contradiction that Askew had not subpoenaed or disclosed any witnesses she intended to call. She has not shown error or harm from the court rendering judgment when it did.

6

## CONCLUSION

Having found no harmful error in the actions Askew challenges, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed:   January 21, 2005