**Opinion filed July 28, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00070-CV

_____

## IN THE INTEREST OF A.C.R., A CHILD

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. DV17119**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of Appellant to one of his children. Because the trial court rendered judgment against Appellant before he had an opportunity to present any evidence, we reverse and remand.

### Issues Presented

Appellant, who represents himself in this appeal, presents four points of error in his brief: (1) a challenge to the sufficiency of the evidence, (2) a challenge to the admission of an exhibit, (3) a challenge to the testimony of a deputy sheriff, and (4) a challenge to the trial court's rendition of judgment before Appellant had a chance to present any evidence. Appellee, A.C.R.'s mother, asserts that Appellant has waived

his issues in this court because Appellant's brief "is deficient in its entirety as to all four points of error." We do not agree with the mother's contention, and we note that the briefing rules are to be construed liberally. TEX. R. APP. P. 38.9. While Appellant's brief is not a model brief, we are able to discern the issues presented in his brief and decide the case. *See id.*

*Background Facts*

The record shows that, after Appellant was convicted of the offense of indecency with a child by sexual contact and was sentenced to imprisonment for twenty years, A.C.R.'s mother filed a petition to terminate Appellant's rights to A.C.R. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(L)(iv), (b)(1)(Q) (West 2022). The final hearing on termination commenced six months after the mother filed her petition and eight months after a jury convicted Appellant in the criminal proceeding.

Appellant represented himself at the termination hearing and had subpoenaed several witnesses to testify on his behalf. Some of those witnesses were properly served and appeared for trial. After the Rule was invoked, the trial court swore-in the parties and the witnesses that were present and then sequestered the witnesses as required by the Rule. *See* TEX. R. CIV. P. 267.

The mother began the presentation of her case in chief by offering into evidence a certified judgment of Appellant's July 15, 2021 conviction for indecency with a child by sexual contact, which was admitted into evidence over Appellant's objection.[1] The mother's first witness was Ernest Hastings, a peace officer who had previously been a criminal investigator for the Comanche Police Department. As such, Investigator Hastings was involved in the investigation of the indecency offense. The victim of that offense was Appellant's older daughter—who was

---

[1]We note that Appellant's appeal of his conviction for indecency with a child by sexual contact remains pending in this court.

sixteen years old at the time of the offense. Investigator Hastings testified about the specifics of his investigation with respect to A.C.R.'s older sister. He also testified that, according to A.C.R., Appellant took pictures of A.C.R. "like this, and she spread her legs and spread her labia." During Appellant's cross-examination of Investigator Hastings, the trial court intervened and instructed Appellant that the proceeding before the court at that time was a family law proceeding, "not a fishing expedition nor a chance to relitigate the criminal proceeding" that was pending on appeal.

The second witness to testify was the mother. She testified, among other things, that she believed it would be in A.C.R.'s best interest for Appellant's parental rights to be terminated. Appellant's cross-examination of the mother was argumentative, and the trial court repeatedly instructed Appellant to ask questions and to stop arguing. The cross-examination digressed, and the following exchange occurred:

> [APPELLANT]: Wow. You used to be an honest woman.
>
> THE COURT: Mr. [Appellant's last name] --
>
> [APPELLANT]: No, Your Honor. This whole proceeding is pointless.
>
> THE COURT: That is fine. Stop. Ladies and Gentlemen, I have heard sufficient evidence to establish a directed verdict, based on paragraphs C and D under paragraph 10 of the petition. There is sufficient evidence before the Court that does not --
>
> [APPELLANT]: Your Honor, I want to postpone this --
>
> THE COURT: Stop talking. There is no disputable fact that [Appellant] was, in fact, convicted of the sexual offense under Texas Penal Code 21.11 of the Penal Code, and he was sentenced to 20 years, or more than two years, in a Texas Department of Criminal Justice Institution Division. Your request for termination is granted.
>
> [MOTHER'S COUNSEL]: Thank you, Judge.

The hearing concluded at that point.

Without holding another hearing, the trial court entered an order terminating the parental rights of Appellant. In the order, the trial court found two grounds for termination: (1) that Appellant had been convicted for being criminally responsible for the death or serious injury of a child under Section 21.11 of the Texas Penal Code and (2) that Appellant had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date that the mother's petition was filed. *See* FAM. § 161.001(b)(1)(L)(iv), (b)(1)(Q). The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in A.C.R.'s best interest. Appellant later filed a pro se notice of appeal.

*Analysis*

Appellant contends in his fourth point of error that the trial court erred "in not allowing all the witness[e]s before rendering a verdict." We agree.

A trial court is not authorized to render judgment against a defendant before the defendant has had an opportunity to present evidence. *Producer's Constr. Co. v. Muegge*, 669 S.W.2d 717, 719 (Tex. 1984) (citing TEX. R. CIV. P. 262, 265); *In re Estate of Luthen*, No. 13-12-00638-CV, 2014 WL 4795038, at *9 (Tex. App.—Corpus Christi–Edinburg Sept. 25, 2014, no pet.) (mem. op.). The mother does not dispute this tenet. Instead, she asserts that Appellant failed to preserve his complaint for appellate review.

Generally, complaints must be preserved for appellate review. *See* TEX. R. APP. P. 33.1. And a complaint regarding the exclusion of evidence is usually preserved by an offer of proof. *See* TEX. R. EVID. 103(a)(2). "This rule does not apply, however, when the trial court refuses to permit the appellant to present any evidence." *In re J.R.K.*, No. 06-10-00121-CV, 2011 WL 3242264, at *4 (Tex. App.—Texarkana July 8, 2011, no pet.) (mem. op.). Furthermore, it has been held that when a trial court ends the trial and renders judgment in open court, "the losing

4

party's objections are to the court's judgment or the effect thereof, and they need not be recited in open court." *Tobola v. State*, 538 S.W.2d 868, 870 (Tex. App.—Houston [14th Dist.] 1976, no writ). We cannot agree with the mother's contention that we should overrule Appellant's fourth point of error because he failed to preserve it for review.

Here, not only did the trial court prohibit Appellant from presenting any evidence, it also prohibited Appellant from objecting to the trial court's ruling and from making any offer of proof before the trial court rendered its judgment. The trial court abruptly halted the trial before the plaintiff had rested her case in chief; prohibited the defendant from talking and, thus, from pursuing an objection or offer of proof; and rendered judgment for the plaintiff without permitting the defendant to call any witnesses to dispute the plaintiff's evidence. There is no question that Appellant should have been permitted to present evidence on his behalf in response to the mother's efforts to terminate his parental rights. *See Muegge*, 669 S.W.2d at 719. Accordingly, the trial court erred when it rendered judgment in favor of the mother without providing Appellant an opportunity to present evidence and call his witnesses to testify.

With respect to any issue of harm caused by the trial court's error, the trial court's error prevented Appellant from being able to properly present his case on appeal. *See* TEX. R. APP. P. 44.1(a)(2); *Luthen*, 2014 WL 4795038, at *10. The record shows, at the very least, that the question of A.C.R.'s best interest was a disputable issue of fact and that Appellant was prevented from presenting any evidence on that issue. We sustain Appellant's fourth point of error.

We do not address Appellant's remaining points of error as they are not dispositive of this appeal. *See* TEX. R. APP. P. 47.1. However, to the extent that Appellant asserts in his first point of error that the evidence is legally insufficient to support the trial court's judgment, we note that the mother offered into evidence a

certified copy of the judgment of Appellant's conviction and that she testified that termination would be in A.C.R.'s best interest.

*This Court's Ruling*

We reverse the trial court's order of termination, and we remand this cause to the trial court for further proceedings. Any proceeding on remand must be commenced within 180 days of this court's mandate. TEX. R. APP. P. 28.4.


JOHN M. BAILEY

CHIEF JUSTICE


July 28, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.