**WESTERN IMPORT MOTORS, INC.,**
**et al., Appellants,**

v.

**Joseph MECHINUS, Appellee.**

**No. 04–87–00342–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 21, 1987.

David Finney, Meto Miteff, Fort Worth, for appellants.

Steven A. Sinkin, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

OPINION

PER CURIAM.

Final judgment was signed in the above cause on January 5, 1987, and appellants have attempted to perfect their appeal to this court. The issue before us is whether we have jurisdiction to entertain this appeal.

Appellants' motions for new trial and cash deposit in lieu of appeal bond were not filed within the time required by the rules of appellate procedure. However, appellants filed timely verified motions to establish that they did not acquire notice of the January 5, 1987, judgment until March 5, 1987. There was no indication in the transcript, however, that appellants had established their lack of notice in the manner required by TEX.R.CIV.P. 306a(5) and TEX.R.APP.P. 5(b)(5). Accordingly, we ordered appellants to show cause why their appeal should not be dismissed for want of jurisdiction.

We received responses to our show cause order from both parties and appellants' response indicates that they sought a hearing

on their motions but that the trial judge was of the opinion that he had lost jurisdiction of the cause and refused to hear the motions. On July 9, 1987, we held that the trial court did have jurisdiction to hear the timely filed motions of appellants to establish the date on which appellants acquired notice of the judgment, *citing Pope v. Moore*, 729 S.W.2d 125, 128 (Tex.App.— Dallas 1987, writ ref'd n.r.e.), and ordered that this cause be abated and remanded to the trial court for the purpose of conducting an evidentiary hearing on appellants' motion to establish the date of notice of judgment.

The hearing was held and a record of that hearing has been forwarded to this court. At the conclusion of the hearing, the trial court made the finding that appellants received actual notice on December 24, 1986, that the judgment was signed. Appellees contend that appellants had notice that the judgment was to be signed when appellee mailed them a copy of the proposed judgment with a cover letter dated December 22, 1986, and which appellants acknowledged receiving on December 24, 1986. The letter stated,

> Please advise me and the Court within 72 hours as to whether or not you have any objections to the Judgment. Otherwise, I am requesting the Court sign the Judgment by December 30, 1986.

It is also undisputed that appellants' attorney received this letter on December 24, 1986, and made no objections to the proposed judgment.

We interpret the finding of the trial court as to when appellants received notice to be an affirmation of appellee's contention that appellants were put on actual notice of the signing of the judgment on the date they received the letter.

The 1984 amendments to TEX.R.CIV.P. 306a and TEX.R.APP.P. 5(b) provide a procedure whereby the beginning time periods for filing post-judgment motions attacking a judgment and for perfecting an appeal may be extended for as much as 90 days where a party fails to receive notice of the judgment. *See* TEX.R.CIV.P. 306a(4) and TEX.R.APP.P. 5(b)(4).

There is obviously a problem with the trial court's finding. It has found that appellants received actual knowledge of the signing of the judgment 12 days prior to the date on which the judgment was actually signed. TEX.R.CIV.P. 306a(4) and TEX. R.APP.P. 5(b)(4) state that if the clerk's notice of the judgment is not received by a party within 20 days after the judgment is signed, the time period for perfecting an appeal begins to run on the date the party received notice from the clerk or "acquired actual knowledge of the signing" of the judgment.

The evidence at the hearing held by the trial court established that appellants were not notified of the judgment by the clerk within twenty days of the date the judgment was signed and that appellants' first notice of the signing of the judgment was on March 5, 1987, as a result of a phone call to the clerk of the court by appellants' attorney.

We are of the opinion that appellants' time for perfecting this appeal runs from the date they acquired actual knowledge of the signing of the judgment, *i.e.*, March 5, 1987.

We refuse to hold that the letter mailed to appellants' attorney, together with the proposed judgment, is sufficient to comply with the notice requirements of rule 306a. The letter only states that appellee was *requesting* the trial court sign the judgment by December 30, 1986. Nothing in the letter indicates that the judgment was in fact signed. If anything, the letter only served to give notice to appellants that as of December 22, 1986, the judgment had not yet been signed.[1]

---

1. Furthermore, the evidence clearly establishes that the deadline for the signing of the judgment set out in the letter was not met. The judgment was signed on January 5, 1987. Following appellee's contention and the trial court's conclusion to its logical end, the date by when appeal had to be perfected or a motion for new trial filed was January 23, 1987, only eighteen days after the judgment was signed. It would not be difficult to envision a situation where, under appellee's contention and the trial court's conclusion, appeal would need to be perfected on a

Accordingly, we hold appellants' motion for new trial and appeal bond to be timely filed.

Additionally, we grant appellants' motion for extension of time to file brief and order that appellants' time to file appellants' brief be extended to 4:00 P.M., November 25, 1987.

---

date before the judgment is signed. Of course it could be argued that in our situation the rules would require that the deadline to perfect appeal could not be less than thirty days after the judgment was signed. However, that brings us back to the problem of how appellants were supposed to know from the letter when, or even whether, the judgment was signed so they could perfect appeal.