**WELBORN MORTGAGE
CORPORATION,
Appellant,**

v.

**Lonnie Ray KNOWLES and Wife,
Cindy Knowles, Appellees.**

No. 05-92-00516-CV.

Court of Appeals of Texas,
Dallas.

Feb. 22, 1993.

Rehearing Denied March 31, 1993.

Jan R. Thurman, Annette Regan Loys, Thurman, Harrison & Steck, Arlington, for appellant.

James M. Morris, Kennedy, Minshew, Campbell, Fry & Morris, Sherman, for appellees.

Before BAKER, KINKEADE, and MALONEY, JJ.

## OPINION

BAKER, Justice.

A jury found Welborn Mortgage Corporation misrepresented the terms of a loan it made to the Knowleses. The trial court entered judgment for the Knowleses for actual and exemplary damages. Welborn contends the Knowleses' claims are not viable as a matter of law. Welborn argues there was no evidence or insufficient evidence to support the jury's answers to the questions the trial court submitted on the Knowleses' theory of the case.

In one cross-point of error, the Knowleses contend the trial court erred in finding that Welborn's counsel did not have actual notice of the entry of the judgment until October 21, 1991. The Knowleses contend this finding is against the great weight and preponderance of the evidence. The Knowleses contend this Court lacks jurisdiction to hear this appeal because Welborn did not timely file a motion for new trial.

We agree that the trial court's finding of when Welborn's counsel had actual knowledge of the entry of the judgment is against the great weight and preponderance of the evidence. We sustain the Knowleses' cross-point. We dismiss this appeal for want of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

The Knowleses bought a house in Grayson County and financed it through Welborn. One of the documents Welborn furnished to the Knowleses stated the loan was assumable under its original terms. The Knowleses defaulted on the loan payments. They listed their property for sale with a broker. The broker advertised the loan was assumable. However, when the broker contacted Welborn and asked for the assumption balance, Welborn responded the loan was not assumable. The Knowleses sued Welborn for DTPA violations and negligent misrepresentation.

The parties tried the case to a jury. The jury returned a verdict for the Knowleses for $55,000 in actual and exemplary damages. The Knowleses moved for judgment

on the jury verdict. Welborn moved for judgment n.o.v. On August 7, 1991, the trial court signed the judgment the Knowleses requested.

The court clerk did not notify Welborn that the trial court signed the judgment as required by rule 306a of the Texas Rules of Civil Procedure. Welborn maintained it did not learn of the entry of the judgment until its lawyer received a letter from the Knowleses' lawyer stating the judgment was final and offering Welborn the opportunity to pay it voluntarily without additional expense of an execution.

Welborn moved the court to make a finding under rule 306a(5) that it did not have actual notice of the entry of the judgment until October 21, 1991. The trial court found that Welborn and its attorneys first had actual knowledge of the entry of the judgment on October 21, 1991. The court further found that neither Welborn nor its attorneys received the notice of the judgment required by rule 306a(3) before that date.

The Knowleses' counsel wrote a letter dated August 7 to the trial judge with a copy to Welborn's attorney. This letter stated:

Dear Judge Perkins:

Enclosed with this letter please find the original proposed Judgment for entry in the above-entitled and numbered cause. Having checked the Court's file, it appears that the original Judgment has been misplaced. As you will recall, a hearing has been held on Plaintiff's Motion for Judgment and Defendant's Motion for Judgment N.O.V. We respectfully request that the Court enter the enclosed Judgment. It is the same Judgment that was attached to Plaintiff's Motion for Judgment.

Attached to this letter was a four page judgment with the entire jury charge attached as an exhibit.

The Knowleses' counsel hand-delivered this letter and the judgment to the court on August 7. The trial court signed the judgment on August 7. The Knowleses' counsel sent a signed copy of the judgment to Welborn's counsel.

Welborn's counsel received the August 7 letter, together with the signed copy of the judgment within a few days after August 7. Welborn's counsel said he read the letter. He said the letter indicated to him that the enclosed judgment was proposed for entry. He relied on the letter. He did not examine the enclosed judgment. He had no reason to examine it in detail or to examine it at all. He relied on the Knowleses' counsel as an officer of the court to state correctly in his letter that which he had enclosed.

Welborn's counsel stated, based on his several years of practice, that a judge frequently does not sign a submitted judgment, nor is the judge required to do so. He acknowledged that the judgment enclosed with the August 7 letter was a copy of the one the judge signed on the same day. He said the letter was the only correspondence he received about the judgment until he received the Knowleses' counsel's letter on October 21, 1991.

On cross examination, Welborn's counsel admitted that from about August 8, 1991, he did have a signed copy of the judgment in his possession. He acknowledged that the signed judgment was with the August 7 letter. He admitted he did not look at the attachment. He acknowledged he had a duty to his client to review all papers sent to him. He denied he had a similar duty to review the document attached to the August 7 letter. He stated he did not check to see if the copy was a signed copy of the judgment. He did not check to see whether the Knowleses' counsel misstated any facts in the August 7 letter. He admitted opposing counsel had no duty to give notice of entry of the judgment.

The court clerk testified she was familiar with the case. By looking at the docket sheet, she was aware the trial court signed a judgment on August 7. She did not know that the rules required her, as the clerk, to mail notice of the signing of the judgment together with a copy of the judgment. However, she wrote on the docket sheet on August 7, 1991, "copies to attorney." On cross-examination, the clerk said she could not tell from the docket sheet

whether she sent a notice to Welborn's counsel.

Knowleses' counsel said he was in court on August 7 and asked the trial judge if the judge was entering judgment in the case. The judge told the lawyer the judge was going to enter the judgment the lawyer submitted. The Knowleses' counsel told his secretary to send a copy of the proposed judgment to Welborn's counsel. By reconstruction, he remembers that the trial court obviously signed the judgment the same day his office sent it for entry. It was clear to him that his secretary inadvertently attached a copy of the signed judgment with the letter to Welborn's counsel.

## APPLICABLE LAW

### The Rule

Rule 306a(5) states:

**5. Motion, Notice and Hearing.** In order to establish the application of paragraph (4) of this rule [extending the appellate timetable], the party adversely affected [by a judgment of which he has received late notice] is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX.R.CIV.P. 306a(5) (Vernon Supp.1992).[1]

The rule provides that the party adversely affected by the judgment must prove the date it acquired actual notice of the entry of the judgment. *Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d 402, 405 (Tex. App.—Dallas 1989, writ denied).

### Notice

■ Notice, in law, is of two kinds, actual and constructive. In this case, constructive notice does not concern us. Actual notice may be either express or implied. *Exxon Corp. v. Raetzer*, 533 S.W.2d 842, 846 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). In common parlance actual notice consists in express information of a fact. However, in law, the term is more comprehensive. In law, whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, if pursued by the proper inquiry, a party might ascertain the full truth. *Exxon Corp.*, 533 S.W.2d at 846; *Portman v. Earnhart*, 343 S.W.2d 294, 297 (Tex.Civ. App.—Dallas 1960, writ ref'd n.r.e.).

■ Means of knowledge *with the duty of using those means* are in equity equivalent to knowledge itself. Where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge. *Exxon Corp.* 533 S.W.2d at 846 (emphasis in original); *Portman*, 343 S.W.2d at 297. Actual notice also embraces knowledge of all those facts that reasonable inquiry would disclose. The duty of inquiry extends only to matters that known facts fairly suggest. *Flack v. First Nat. Bank*, 148 Tex. 495, 226 S.W.2d 628, 631 (1950).

■ The law charges all parties and their lawyers with notice of all orders and judgments that the court renders in the case. *Pentikis v. Texas Electric Serv. Co.*, 470 S.W.2d 387, 390 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.). Passive good faith will not serve to excuse willful ignorance. *Continental Credit Corp. v. Norman*, 303 S.W.2d 449, 455 (Tex.Civ. App.—San Antonio 1957, writ ref'd n.r.e.).

■ The law charges one who has knowledge of facts that would cause a prudent man to inquire further with notice of the facts that, by use of ordinary intelligence, he would have learned. *Flack*, 226 S.W.2d at 632. Ordinarily, notice is a question of fact. Notice becomes a question of law only when there is no room for ordinary minds to differ about the proper conclusion the fact finder must draw from the evidence. *Exxon Corp.*, 533 S.W.2d at 846; *Portman*, 343 S.W.2d at 298.

### Standard of Review

■ We review the trial court's findings of the date a party received notice of

---

**1.** All references to the rule are to the Texas    Rules of Civil Procedure.

judgment by the standards of legal and factual sufficiency of the evidence. *Hot Shot Messenger Service, Inc. v. State,* 798 S.W.2d 413, 414 (Tex.App.—Austin 1990, writ denied); *Barrett v. Mantooth,* 554 S.W.2d 799, 802 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). In a non jury case, the judge is the fact finder. The trial judge weighs the evidence and judges the witnesses' credibility. The judge may accept or reject any witnesses' testimony in whole or in part. *Forscan Corp. v. Dresser Indus., Inc.,* 789 S.W.2d 389, 394 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

When the challenge is to the factual sufficiency of the evidence, we examine all of the evidence. We set aside the trial court's finding only if it is so against the great weight and preponderance of the evidence that the finding is manifestly unjust. *Hot Shot Messenger,* 798 S.W.2d at 415. We may not substitute our judgment for that of the trial court, as the fact finder, even if we could reach a different result on the evidence. *Clancy v. Zale Corp.,* 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). However, we review the trial court's application of the legal principles controlling its ruling with less deference. A trial court has no discretion in determining what the law is or applying the law to the facts. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992, orig. proceeding).

### Application of Law to the Facts

After Welborn's counsel received the August 7 letter with the signed judgment attached to it, he did not contact the court, the clerk, or opposing counsel. The first action Welborn's counsel took was after he received the October 16 letter from the Knowleses' attorney advising him of the finality of the judgment. Welborn's counsel admitted he had a signed copy of the judgment in his possession about August 8, 1991. He further admitted he did not read anything other than the cover letter. Means of knowledge with the duty of using these means are in equity equivalent to knowledge itself. Where there is a

duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge. *Portman,* 343 S.W.2d at 297. He said he relied on opposing counsel's statements in the letter. Passive good faith will not serve to excuse willful ignorance. *San Antonio & A.P. Ry. v. Sehorn,* 127 S.W. 246, 247 (Tex.Civ.App.—San Antonio 1910, no writ).

As a lawyer in the pending case, the law charges Welborn's counsel with notice of all judgments the trial court signed affecting the case. *Pentikis,* 470 S.W.2d at 390. Whatever puts a person on inquiry amounts in law to notice. Welborn's counsel had a duty to inquire and should have exercised ordinary diligence to do so. *Flack,* 226 S.W.2d at 632; *Portman,* 343 S.W.2d at 297.

Under the legal definition of actual knowledge, there is no room for ordinary minds to differ on the proper conclusion to draw from the evidence in this case. We conclude the trial court improperly applied the law to what are essentially undisputed facts. We hold the trial court erred in finding that Welborn did not have actual knowledge until October 21, 1991. We sustain the Knowleses' cross point of error.

Because Welborn did not timely file its motion for new trial, we have no jurisdiction of this appeal. We dismiss this appeal for want of jurisdiction.

KINKEADE, J., dissents.

KINKEADE, Justice, dissenting.

I respectfully dissent to the majority opinion in this case. This Court has jurisdiction of Welborn's appeal.

The majority correctly states that this Court must give great deference to the trial court over findings of fact. The majority also correctly states that when the trial court misapplies the law this Court need not defer to the erroneous ruling. Where the majority errs is in the holding that a party and his counsel are on notice of any rulings and judgments of the court as a matter of law.

The amendments to rule 306a, effective April 1, 1984, changed paragraph three of

the rule to require the court clerk to give notice of a signed judgment by mailing a copy to all parties and added paragraphs four and five to the rule. TEX.R.CIV.P. 306a(3), (4), (5). The appellate timetable begins on the date the judgment is signed. TEX.R.CIV.P. 306a(1). The 1984 amendments created an exception to this rule when the clerk fails to send notice or the adverse party does not acquire actual knowledge of the signing of the judgment within twenty days from the signing of the judgment. *See* TEX.R.CIV.P. 306a(4), (5). If the clerk fails to send the required notice and the adverse party does not acquire actual knowledge within twenty days of the signing of the judgment, as in this case, then the appellate timetable begins to run from the date the adverse party received such notice or acquired actual knowledge .of the signing of the judgment. TEX. R.CIV.P. 306a(4), (5).

To establish the exception under rule 306a, the adverse party must prove in court, on sworn motion and notice, the date on which he first received notice or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. TEX. R.CIV.P. 306a(5). The trial court has jurisdiction to hear a motion filed under rule 306a(5) up until thirty days after the date the adverse party contends he received notice or acquired actual knowledge of the signing of the judgment. *Western Import Motors, Inc. v. Mechinus,* 739 S.W.2d 125, 126 (Tex.App.—San Antonio 1987, no writ); *Pope v. Moore,* 729 S.W.2d 125, 128 (Tex. App.—Dallas 1987, writ ref'd n.r.e.).

Welborn's counsel filed a rule 306a(5) motion within thirty days of the date he contends he acquired actual knowledge of the signing of the judgment. The trial court held a hearing, and the evidence showed that the Knowleses' counsel sent a letter to Welborn's counsel that notified Welborn's counsel that he was "requesting" that the court sign the attached proposed judgment. The Knowleses' counsel conceded that, contrary to the explicit instructions in the letter, the judgment had already been signed and was attached to the letter. Welborn's counsel testified that

he relied on the representation in the letter and did not look to see if the "proposed" judgment had been signed. Welborn's counsel expressly stated that he had no actual knowledge that the judgment was signed until October 21, 1991 when he received another letter from the Knowleses' counsel, who previously indicated the judgment had not been signed, requesting payment of the judgment now that it was final.

In the *Western Import Motors* case, the appellants received a letter along with a proposed judgment from appellees on December 24, 1986. The letter stated:

> Please advise me and the Court within 72 hours as to whether or not you have any objections to the Judgment. Otherwise, I am requesting the Court sign the Judgment by December 30, 1986.

*Western Import Motors,* 739 S.W.2d at 126. Appellants did not object to the proposed judgment. *Id.* The court signed the judgment January 5, 1987. *Id.* Appellants filed a rule 306a(5) motion contending they were not notified of the signing of the judgment by the clerk within twenty days from the date it was signed and did not receive actual knowledge of the signing of the judgment until March 5, 1987 when they called the clerk of the court. *Id.* The trial court found that appellants acquired actual knowledge of the signing of the judgment on December 24, 1986, the day they received appellee's letter. *Id.*

The court of appeals reversed, holding that appellants' time for perfecting appeal ran from the day they acquired actual knowledge of the signing of the judgment, *i.e.,* March 5, 1987. *Id.* The court of appeals refused to hold that the letter mailed to appellants together with the proposed judgment was sufficient to comply with the notice requirements of rule 306a. *Id.* The letter only stated that appellee was "requesting" the trial court sign the judgment by December 30, 1986. *Id.* Nothing in the letter indicated that the judgment was in fact signed. *Id.* If anything, the letter only served to notify appellants that as of the date of the letter the judgment had not yet been signed. *Id.* Furthermore, the judgment was not even signed as of the

deadline set forth in the letter. *Id.* at 126 n. 1. Appellants could not know from the letter when, or whether, the judgment was signed. *Id.*

Under the 1984 amendments to rule 306a, a party no longer has notice of the signing of judgments for purposes of the running of the appellate timetable as a matter of law. The cases cited by the majority supporting the proposition that a party has notice of the signing of a judgment as a matter of law were all decided before the 1984 amendments to rule 306a. *See Flack v. First Nat'l Bank,* 148 Tex. 495, 226 S.W.2d 628 (1950); *Portman v. Earnhart,* 343 S.W.2d 294 (Tex.Civ.App.— Dallas 1960, writ ref'd n.r.e.); *Pentikis v. Texas Elec. Serv. Co.,* 470 S.W.2d 387 (Tex. Civ.App.—Fort Worth 1971, writ ref'd n.r.e.); TEX.R.CIV.P. 306a(3), (4), (5). The clerk must send notice of the signing of the judgment. TEX.R.CIV.P. 306a(3). If the adverse party does not receive notice from the clerk or acquire actual knowledge of the signing of the judgment within twenty days of the date of the signed judgment, then the appellate timetable begins to run from the date the adverse party receives such notice or acquires "actual" knowledge of the judgment. TEX.R.CIV.P. 306a(4).

As in the *Western Import Motors* case, nothing in the August letter from Knowles-es' counsel indicated that the judgment was signed. In fact, the August letter gave notice that the judgment had not yet been signed. The court held a hearing and made a finding of fact that Welborn acquired actual knowledge of the judgment on October 21, 1991. *See* TEX.R.CIV.P. 306a(5). I would hold that this finding is clearly not against the great weight and preponderance of the evidence. The majority decides this case as a matter of law on an erroneous proposition of law and fails to apply a factual standard of review as required under rule 306a.