Opinion issued August 1, 2002








 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00911-CV






MARK ALLEN CHANDLER, Appellant


V.


WOODROW W. MILLER, AS ASSIGNEE OF JUDY ANN CITIZEN, AND
JOSEPH BELLARD, SR., Appellees






On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 92-36244






O P I N I O N


 Appellant, Mark Allen Chandler, appeals a summary judgment rendered against
him in a bill of review proceeding he brought in an attempt to set aside a default
judgment. In two issues, Chandler argues the trial court erred when it (1) refused to
reset appellate timetables pursuant to Texas Rule of Civil Procedure 306a and (2)
rendered summary judgment in favor of the appellees, Woodrow Miller (1) and Joseph
Bellard, Sr. (2) Chandler claims he never received proper notice of the original lawsuit
and he did not receive timely notice of the summary judgment order that dismissed
the bill of review. In their cross-points, Miller and Bellard argue they are entitled to
sanctions because Chandler's appeal is frivolous and that Chandler's appeal should
be dismissed because it is untimely. A separate motion to dismiss Chandler's appeal
as untimely is also pending. We overrule the motion to dismiss, reverse the
judgment and remand the cause to the trial court, and deny Miller and Bellard's
motion for sanctions.

Background


 On November 18, 1996, the trial court rendered a default judgment against
Chandler in Cause Number 92-36224; Judy Ann Citizen and Joseph Bellard, Sr. vs.
C-E Federal Credit Union, Mark Chandler, Individually and d/b/a Mark Allen
Chandler Insurance Agency and d/b/a Accurate Insurance, Lloyd's London, Esprit
General Agency, Inc., State Farm Mutual Auto Insurance Company, Inc., and Arizona
Premium Finance Company, Inc.; in the 334th Judicial District Court of Harris
County, Texas. On September 5, 1998, Chandler, individually and d/b/a Mark Allen
Chandler Insurance and d/b/a Accurate Insurance ("Chandler"), filed an Original
Petition for Bill of Review. The district clerk's office filed the petition and
incorrectly stamped it with the original cause number (92-36224). The bill of review
was never given its own cause number.

 In his bill of review, Chandler sought to set aside the default judgment on the
ground that he was never served with process. Furthermore, Chandler argued there
were several defects in the method of service employed in the officer's return. 
Specifically, the return stated substituted service was accomplished under Texas Rule
of Civil Procedure 106 by leaving a true and correct copy, with a copy of the petition,
with a "white male over 16 years old at 8800 W. Sam Houston Parkway South in
Harris County at 3:05 p.m., on the 26th day of July, 1994." Further, the official seal
of the court was not on the face of the citation, the citation was directed to both "any
sheriff or constable of Texas or other Authorized person" and Mark Chandler. 
Finally, the return did not state that the address to which the citation and petition were
delivered was Chandler's usual place of business, and the return did not recite that a
copy of the current petition had been delivered with the citation. Chandler supported
the bill of review with his affidavit. In his affidavit, Chandler testified he was the
only white male over the age of 16 that worked at his business, that he was not at his
business address on the date citation was allegedly served, and that he had never been
served (at his business or elsewhere) with citation in Cause Number 92-36224. He
also testified he had not attempted to evade service and had not been negligent in
failing to answer the lawsuit because he did not know about it. In conclusion, even
though he alleged he was not required to do so because the default judgment had been
rendered without proper service, Chandler argued he had a meritorious defense to the
claims in the underlying suit.

 Miller and Bellard filed a motion for summary judgment in which they argued
they were entitled to judgment as a matter of law because: (1) Chandler had not been
diligent in pursuing relief from the underlying judgment as required to prevail in a bill
of review and (2) the deputy constables had personally served Chandler. As evidence
of proper service, Miller and Bellard attached the officer's return. The motion for
summary judgment did not address Chandler's alternative argument that service, if
any, was defective.

 In response to the motion for summary judgment, Chandler argued he was not
required to show diligence or a meritorious defense because he was never served with
process. Chandler did not address Miller and Citizen's argument that he had been
personally served. (3) The trial court took the motion for summary judgment under
advisement.

 On March 15, 2000, the trial court rendered summary judgment in favor of
Miller and Bellard on the grounds that Chandler was properly served citation and he
did not have a lawful defense to the original suit. This order dismissed the bill of
review with prejudice.

 On May 31, 2000, 76 days after the trial court had signed the summary
judgment order, Chandler filed a Verified Motion to Establish Plenary Jurisdiction
Pursuant to Rule 306a(4) and a separate motion for new trial. In his Rule 306a
motion, Chandler argued neither he nor his attorney, Gerald Fowler, received notice
of the summary judgment. In fact, the district clerk's office apparently sent notice of
the order to another attorney, Anthony Icenogle, who had represented one of the
defendants (4) in the original action. In the 306a motion, Fowler stated he received a
document titled "Motion for Judgment" (5) from Miller on May 2, 2000. He read the
motion the next day, May 3, 2000, and for the first time learned that the trial court had
signed the summary judgment order on March 15. 

 In support of the 306a motion, Fowler attached his affidavit. The affidavit
stated he had personal knowledge of the facts in the motion and they were true and
correct. He also testified he first learned of the summary judgment when a notice of
the Motion for Judgment was sent to his office. In his motion for new trial, filed
concurrently with the 306a motion, Chandler argued the summary judgment evidence
failed to show Chandler was personally or properly served with citation, and therefore
the summary judgment was improper.

 On July 18, 2000, the trial court denied Chandler's 306a motion for want of
jurisdiction. In its order, the trial court stated Chandler "failed to precisely follow
Rule 306a(4) by failing to negate that neither he nor his counsel had acquired 'actual
knowledge of the judgment' within twenty days after the judgment was signed" and,
therefore, Chandler failed to establish a prima facie case of jurisdiction. Because it
denied the 306a motion, the trial court did not rule on Chandler's motion for new
trial.

 Chandler filed a notice of appeal on August 16, 2000 (105 days from May 3,
2000, the date he claims he learned of the summary judgment). Miller and Bellard
filed a motion to dismiss the appeal for want of jurisdiction on the ground that
Chandler's notice of appeal was untimely.

Notice of the Judgment and Timeliness of the Appeal 


 In its motion to dismiss, Miller and Bellard argued Chandler's appeal was not
timely because the trial court denied Chandler's Rule 306a motion. Consequently,
Chandler's motion for new trial was not timely and the appellate timetable was not
extended. Therefore, according to Miller and Bellard, Chandler's notice of appeal
was due 30 days after the trial court signed the March 15, 2000 summary judgment
order. Because Chandler did not file his notice of appeal until August 16, 2000,
Miller and Bellard argue the notice of appeal was also untimely and this Court does
not have jurisdiction. In response to the motion to dismiss and in his first issue,
Chandler argues the trial court erred when it denied his 306a motion because the date
of judgment should have been reset to May 3, 2000, the date on which he received
actual knowledge of the summary judgment ruling.

Was Chandler Entitled to Relief Under Rule 306a?


 The Rule


 Rule 306a, titled, "Periods to Run From Signing of Judgment," provides:

 1. Beginning of periods. The date a judgment or order is signed
as shown of record shall determine the beginning of the periods
prescribed by these rules for the court's plenary power to grant a new
trial or to vacate, modify, correct or reform a judgment or order and for
filing in the trial court the various documents that these rules authorize
a party to file within such periods including, but not limited to, motions
for new trial, motions to modify judgment, motions to reinstate a case
dismissed for want of prosecution, motions to vacate judgment and
requests for findings of fact and conclusions of law; but this rule shall
not determine what constitutes rendition of a judgment or order for any
other purpose.


 2. Date to be shown. Judges, attorneys and clerks are directed to
use their best efforts to cause all judgments, decisions and orders of any
kind to be reduced to writing and signed by the trial judge with the date
of signing stated therein. If the date of signing is not recited in the
judgment or order, it may be shown in the record by a certificate of the
judge or otherwise; provided, however, that the absence of a showing
of the date in the record shall not invalidate any judgment or order.


 3. Notice of judgment. When the final judgment or other
appealable order is signed, the clerk of the court shall immediately give
notice to the parties or their attorneys of record by first-class mail
advising that the judgment or order was signed. Failure to comply with
the provisions of this rule shall not affect the periods mentioned in
paragraph (1) of this rule, except as provided in paragraph (4).


 4. No notice of judgment. If within twenty days after the
judgment or other appealable order is signed, a party adversely affected
by it or his attorney has neither received the notice required by
paragraph (3) of this rule nor acquired actual knowledge of the order,
then with respect to that party all the periods mentioned in paragraph (1)
shall begin on the date that such party or his attorney received such
notice or acquired actual knowledge of the signing, whichever occurred
first, but in no event shall such periods begin more than ninety days after
the original judgment or other appealable order was signed.

 

 5. Motion, notice and hearing. In order to establish the
application of paragraph (4) of this rule, the party adversely affected is
required to prove in the trial court, on sworn motion and notice, the date
on which the party or his attorney first either received a notice of the
judgment or acquired actual knowledge of the signing and that this date
was more than twenty days after the judgment was signed.

Tex. R. Civ. P. 306a (emphasis added).

 In other words, the new timetable begins at the earlier of either the date the
party receives "notice" from the clerk or "acquires actual knowledge the order has
been signed," so long as neither of these dates occur more than ninety days after the
date the order was signed. Id.

 To reset the timetables, Chandler had to establish, on sworn motion and notice,
the date on which the party or his attorney first either received "notice" of the
judgment or "acquired actual knowledge" of the signing, and that this date was more
than twenty days (but not more than ninety days) after the judgment was signed." 
Tex. R. Civ. P. 306a(5).


 Standard of Review


 We review the trial court's findings of the date a party received notice of
judgment by the standards of legal and factual sufficiency of the evidence. Welborn
Mortgage Corp. v. Knowles, 851 S.W.2d 328, 331-32 (Tex. App.--Dallas 1993, writ
denied); Hot Shot Messenger Serv., Inc. v. State, 798 S.W.2d 413, 414 (Tex.
App.--Austin 1990, writ denied). In a non-jury case, the judge is the fact finder. 
Welborn, 851 S.W.2d at 332. The trial judge weighs the evidence and judges the
witnesses' credibility. Id. The judge may accept or reject any witnesses' testimony
in whole or in part. Forscan Corp. v. Dresser Indus., Inc., 789 S.W.2d 389, 394 (Tex.
App.--Houston [14th Dist.] 1990, writ denied).

 When the challenge is to the factual sufficiency of the evidence, we examine
all of the evidence. Welborn, 851 S.W.2d at 332. We set aside the trial court's
finding only if it is so against the great weight and preponderance of the evidence that
the finding is manifestly unjust. Welborn, 851 S.W.2d at 332; Hot Shot Messenger,
798 S.W.2d at 415. We may not substitute our judgment for that of the trial court,
as the fact finder, even if we could reach a different result on the evidence. Welborn,
851 S.W.2d at 332. We review the trial court's application of the legal principles
controlling its ruling with less deference. Welborn, 851 S.W.2d at 332. A trial court
has no discretion in determining what the law is or applying the law to the facts. 
Welborn, 851 S.W.2d at 332; see Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992).


 Analysis


 On March 15, 2000, the trial court signed the summary judgment order. 
Fowler, Chandler's attorney, never received notice from the court. Apparently,
Anthony Icenogle, an attorney who represented one of the parties in cause number
92-36-224, received the notice instead. Fowler first learned of the summary judgment
order on May 3, 2000, when he read the notice of a hearing on Citizen and Bellard's
Motion for Judgment. (6) Chandler himself never received notice from the court nor 
had actual knowledge that the judgment had been signed until his attorney told him. 
 On May 31, 2000, Chandler filed a verified motion under Rule 306a that
requested the court reset the appellate timetables on the ground that he first learned
of the judgment order on May 3. In the 306a motion, Chandler's attorney stated that:
(1) neither "the Plaintiff [Chandler] nor Plaintiff's counsel were [sic] given notice of
the judgment pursuant to the Rules of Civil Procedure;" (2) "the Plaintiff's attorney
first became aware of the Court's March 15th orders on May 3rd, 2000 by way of Mr.
Woodrow's (sic) motion for judgment . . . "; and (3) the first notice either the Plaintiff
or his attorney had of the Court's March 15th judgment was a notice of hearing sent
by Mr. Miller to the offices of Plaintiff's counsel. This notice was received on the
2nd day of May and came to the attention of the Plaintiff's attorney on the following
day." Fowler verified the 306a motion and testified in his affidavit that: (1) he had
personal knowledge of the facts in the 306a motion and they were true and correct;
(2) he obtained the knowledge of these facts when the opposing attorney sent a
Motion for Judgment to his office; and (3) it was from this notice that he first learned
of the summary judgment ruling. 

 The court held a hearing on the 306a motion on July 7. Subsequently, on July
18, the trial court denied the 306a motion on the grounds that Chandler did not prove
that neither he nor his counsel had acquired "actual knowledge of the judgment
within twenty days after the judgment was signed," and therefore had not established
a prima facie case of jurisdiction.

 Examining all of the evidence, we hold the trial court's denial of Chandler's
306a motion was so against the great weight and preponderance of the evidence and
is manifestly unjust because neither Chandler nor his attorney had notice or actual
knowledge of the judgment until May 3, 2000, 48 days after the summary judgment
order was signed.

Was Chandler's Notice of Appeal Timely?

 Because we have concluded that Chandler was entitled to relief under Rule
306a, we turn to whether the notice of appeal was timely. A notice of appeal
generally must be filed within 30 days after a trial court has signed an appealable
order. Tex. R. App. P. 26.1. If a proper post-judgment motion is filed, the time is
extended to 90 days from the date of the judgment. Id. Rule 26.3 provides for a
possible 15-day extension to these periods. Tex. R. App. P. 26.3. Where an
appellant, in good faith, files a perfecting instrument within the time period allowed
by Rule 26.3, a motion for extension of time is "necessarily implied." Verburgt. v.
Dorner, 959 S.W.2d 615, 617 (Tex. 1997). 

 Because Chandler filed a motion for new trial along with his 306a motion, his
notice of appeal was due 90 days from May 3, 2000 (the date on which his attorney
acquired actual knowledge of the judgment). Chandler argues he filed, in good faith,
his notice of appeal within 15 days after the 90-day deadline. In addition, he has
reasonably explained the need for an extension. In response to Miller and Bellard's
motion to dismiss the appeal, Chandler stated his attorney had not been able to reach
him regarding the trial court's ruling on the 306a motion and to discuss whether
Chandler wished to appeal the case. In his affidavit, Chandler testified he had moved
to Minnesota in May 2000 for a new job and had forgotten to inform his attorney of
his move. Chandler also testified he and his wife were in the process of separating,
and his wife ultimately filed for divorce during this time period. In Fowler's
affidavit, also attached to Chandler's response to the motion to dismiss, he testifies
that once Chandler contacted him and gave consent to appeal the case, Fowler filed
the notice of appeal.

 Therefore, including the "implied" motion for extension of time, Chandler had
105 days from May 3, 2000 to file a notice of appeal. Because we have held that the
trial court should have granted the 306a motion and the date of judgment should be
reset to May 3, 2000, the notice of appeal (filed on August 16, 2000) was timely
because it was filed exactly 105 days from May 3, 2000.

 Based on the record and applicable law, we hold that notice of appeal was
timely and this Court has jurisdiction. We overrule Miller and Bellard's motion to
dismiss.

Was Summary Judgment Proper?


 In his second issue, Chandler argues that the trial court erred in rendering
summary judgment in favor of Miller and Bellard on the bill of review because both
the citation and return are defective in that they do not strictly comply with the Rules
of Civil Procedure. As a result, Chandler argues, the service of process was fatally
defective and insufficient to confer personal jurisdiction over him in the underlying
lawsuit.


 Standard of Review 


 Summary judgment is proper only when the movant establishes there is no
genuine issue of material fact and the movant is entitled to judgment as a matter of
law. Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995);
Lawson v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.--Houston [1st Dist.] 1994,
writ denied). In reviewing a summary judgment, we must indulge every reasonable
inference in favor of the nonmovant and resolve any doubts in his favor. Randall's
Food Mkts., 891 S.W.2d at 644. We will take all evidence favorable to the
nonmovant as true. Id. 

 When, as here, the order states the grounds relied on for the judgment, the
summary judgment can be affirmed if one of those grounds is meritorious. See State
Farm Fire & Casualty Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); State Farm Mut.
Auto. Ins. Co. v. Nguyen, 920 S.W.2d 409, 410 (Tex. App.--Houston [1st Dist.] 1996,
no writ). Therefore, we consider only the two grounds stated in the order.

 Other than a statement in the prayer of the motion for summary judgment that
"plaintiffs were properly served citation and do not have a lawful defense to the
underlying suit," Miller and Bellard did not argue in their motion that Chandler was
required to show a lawful defense and could not as a matter of law. A defendant
cannot obtain a summary judgment on causes of action not addressed in its motion
for summary judgment. Stiles v. RTC, 867 S.W.2d 24, 26 (Tex. 1993); Farah v.
Mafrige & Kormanik, P.C., 927 S.W.2d 663, 671 (Tex. App.--Houston [1st Dist.]
1996, no writ). Further, we cannot affirm a summary judgment on a ground not
included in the motion for summary judgment. Farah, 927 S.W.2d at 671.



 Analysis


 Chandler's bill of review is a direct attack on the judgment in the original
lawsuit. McEwen v. Harrison, 345 S.W.2d 706, 709 (Tex. 1961) (orig. proceeding); 
Min v. Avila, 991 S.W.2d 495, 499 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 
We indulge no presumptions in favor of valid issuance, service, or return of citation
to support the default judgment. Min, 991 S.W.2d at 499. To obtain bill-of-review
relief, the petitioner may demonstrate that the judgment is invalid for lack of proper
service of process, whether or not the face of the record discloses the invalidity and
despite recitals of proper service in the judgment under attack. Id. at 499-500. A
default judgment is void unless the defendant has been served with process in strict
compliance with the law, has accepted or waived service, or has entered an
appearance. Id. at 500; Tex. R. Civ. P. 124.

 To succeed by bill of review, the petitioner must ordinarily allege and prove
three elements: (1) a meritorious defense to the cause of action supporting the earlier
judgment; (2) which the petitioner could not assert because of the fraud, accident, or
wrongful act of the opposing party, or official mistake; (3) untainted by any
negligence on the petitioner's part. Min, 991 S.W.2d at 500; West Columbia Nat'l
Bank v. Griffith, 902 S.W.2d 201, 205 (Tex. App.--Houston [1st Dist.] 1995, writ
denied). However, when a petitioner for bill of review claims the judgment is void
for lack of proper service, and thus violates due process of law, the petitioner need
not prove a meritorious defense, nor show fraud, accident, or mistake by the opposing
party. Peralta v. Heights Med. Ctr., 485 U.S. 80, 86, 108 S. Ct. 896, 900 (1988); Min,
991 S.W.2d at 500; West Columbia Nat'l Bank, 902 S.W.2d at 205. Because
Chandler claimed lack of proper service, he had to establish only two elements in
order to succeed on his bill of review: (1) lack of proper service and (2) his own
diligence in setting the default judgment aside. See Min, 991 S.W.2d at 500. 

 In response to Chandler's bill of review, Miller and Bellard filed a motion for
summary judgment. In their first ground, Miller and Bellard argued that Chandler
had been personally served with process. We can find no evidence in this record that
Chandler was personally served. The only evidence presented for our review relevant
to this issue is the return of citation. The officer's return contradicts Miller and
Bellard's claim that Chandler was personally served. It states: "per [Texas Rule of
Civil Procedure] 106, served white male over 16 years old." Further, Miller and
Bellard did not attach any summary judgment evidence that service complied with the
trial court's Rule 106 order, if it in fact existed. Nor is there evidence in the record
that proves the trial court ever permitted substituted service under Rule 106 (7) in the
underlying lawsuit.

 As we noted above, a default judgment cannot withstand a direct attack by a
defendant who shows that he was not served in strict compliance with the Texas
Rules of Civil Procedure. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex.1990); Barker
CATV Const., Inc. v. Ampro, Inc., 989 S.W.2d 789, 792 (Tex. App.--Houston [1st
Dist.] 1999, no pet.). If strict compliance is not affirmatively shown, the service of
process is invalid and has no effect. Uvalde Country Club v. Martin Linen Supply,
690 S.W.2d 884, 885 (Tex. 1985); Barker CATV, 989 S.W.2d at 792. When the trial
court authorizes substituted service under Texas Rule of Civil Procedure 106, the
record must show service strictly complied with the court's order. See Pao v. Brays
Village East Homeowners Ass'n, Inc., 905 S.W.2d 35, 38 (Tex. App.--Houston [1st
Dist.] 1995, no writ); Brown v. Magnetic Media, Inc. 795 S.W.2d 41, 43 (Tex.
App.--Houston [1st Dist.] 1990, no writ). Again, no Rule 106 order is part of the
record, so we cannot determine whether Miller and Bellard strictly complied with
such an order.

 In contrast to the usual rule that all presumptions will be made in support of a
judgment, there are no presumptions of valid issuance, service, and return of citation
when examining a default judgment. Barker CATV, 989 S.W.2d at 792;
McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex. App.--Houston [1st Dist.]
1992, writ denied). Jurisdiction over the defendant must affirmatively appear by a
showing of due service of citation, independent of the recitals in the default judgment. 
Barker CATV, 989 S.W.2d at 792.

 The summary judgment evidence does not support the argument that Chandler
was personally served with process. Further, Citizen and Bellard failed to prove and
the record does not show the trial court ever authorized substituted service. Citizen
and Bellard did not prove that service was affected in compliance with any trial court
order. Citizen and Bellard, as summary judgment movants, failed to meet their
burden to show they were entitled to judgment as a matter of law. Tex. R. Civ. P.
166a. 

 In their second ground, Miller and Bellard argue Chandler did not have a
meritorious defense to the original lawsuit. However, when (as Chandler does in this
case) a petitioner for bill of review claims the judgment in the original case is void
for lack of proper service, and thus violates due process of law, the petitioner need
not prove a meritorious defense, nor show fraud, accident, or mistake by the opposing
party. Min, 991 S.W.2d at 500; see Peralta, 485 U.S. at 86, 108 S. Ct. at 900. 
Therefore, the trial court's ruling that Chandler did not have meritorious defense to
the underlying lawsuit, which is stated in the summary judgment order, cannot
support the summary judgment.

 Because neither ground in the summary judgment order can support the
summary judgment, we sustain Chandler's second issue.

Motion for Sanctions


 In a single cross-point, the appellees request this Court to sanction Chandler
and his attorney for bringing a frivolous appeal. See Tex. R. App. P. 45. 

 Under Rule 45, we may award just damages if we objectively determine, after
considering "the record, briefs, or other papers filed in the court of appeals," an
appeal is frivolous. Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d 376, 381 (Tex.
App.--Houston [1st Dist.] 2001, no pet.). In applying Rule 45, we exercise prudence,
caution, and careful deliberation. Id. Additionally, to objectively determine whether
an appeal is frivolous, we look at the record from the viewpoint of the advocate and
decide whether he had reasonable grounds to believe the case could be reversed. Id.

 From the record and briefs filed with this court, we cannot conclude Chandler's
appeal is objectively frivolous. Therefore, we overrule the cross-point.


Conclusion


 We deny the motion to dismiss, reverse the trial court's judgment and remand
the cause, and deny Miller and Bellard's motion for sanctions.




 Sherry J. Radack,

 Justice


Panel consists of Chief Justices Schneider and Justices Taft and Radack 


Do not publish. Tex. R. App. P. 47.4.
1. Woodrow Miller represented Citizen and Bellard in the original lawsuit. 
Citizen assigned her interest in the suit to Miller, and he intervened in the bill of
review. This Court restyled the case to reflect the correct parties.
2. In this Court's order of April 18, 2002, we advised Bellard he was
appearing pro se because Miller is not currently authorized to practice law. We
afforded Bellard the opportunity to obtain other counsel and/or to object to appearing
pro se. No other attorney appeared on Bellard's behalf, and Bellard lodged no
objection to his pro se status.
3. Again, however, Chandler had stated in his bill of review and his
supporting affidavit that he had never been served.
4. It is not clear from the record which party Mr. Icenogle represented in
the original lawsuit.
5. The "Motion for Judgment" is not in the record, so this Court does not
know the reason Citizen and Bellard filed it.
6. Chandler's attorney apparently received the "Motion for Judgment" on
May 2, 2000, but did not read it until the following day.
7. Rule 106(b) provides that "upon motion supported by affidavit stating
the location of the defendant's usual place of business or usual pace of abode or other
place where defendant can probably be found and stating specifically the facts
showing that service has been attempted under either (a)(1) or (a)(2) at the location
named in such affidavit but has not been successful, the court may authorize service
(1) by leaving a true copy of the citation, with a copy of the petition attached, with
anyone over sixteen years of age at the location specified in such affidavit; or (2) in
any other manner that the affidavit or other evidence before the court shows will be
reasonably effective to give the defendant notice of the suit."