

# NUMBER 13-16-00495-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE DANA KAY ABNEY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Contreras[1], Hinojosa, and Longoria
### Memorandum Opinion Per Curiam[2]

Relator, Dana Kay Abney, filed a petition for writ of mandamus in the above cause on September 20, 2016. Through this original proceeding, relator seeks to direct the trial court to make findings in her favor regarding when she received actual notice or knowledge of the underlying judgment pursuant to Texas Rule of Civil Procedure 306a.

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza. *See* TEX. FAM. CODE ANN. § 45.101 et seq. (West, Westlaw through 2015 R.S.). The Honorable Gregory T. Perkes, former Justice of this Court, did not participate in this decision because his term of office expired on December 31, 2016. In accordance with the appellate rules, he was replaced on panel by Justice Hinojosa. *See* TEX. R. APP. P. 41.1(a).

[2] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*See* TEX. R. CIV. P. 306a.  This petition for writ of mandamus joins an appeal currently pending in our Court in appellate cause number 13-16-00412-CV.  We deny the petition for writ of mandamus.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).  An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence.  *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).  Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly.  *In re Nationwide*, 494 S.W.3d at 712; *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding).  We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments.  *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

This Court previously abated and remanded this cause because the trial court's order at issue in this original proceeding and related to the pending appeal contained conflicting statements, was not dated, and failed to comply with Texas Rule of Appellate Procedure 4.2(c).  *See* TEX. R. APP. P. 4.2(c) (requiring the trial court to sign a written order that "finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed").  This Court has

now received the trial court's revised order issued on remand. Accordingly, we reinstate this original proceeding. The trial court's new order denies Abney's Rule 306a motion and reads in relevant part as follows:

> The Court finds that Defendant, Dana K. Abney, through her attorney had notice or actual knowledge of the order on the temporary injunction when the Court announced at the conclusion of the hearing on May 11, 2016 that the temporary injunction would be granted, with all counsel in attendance. The Court specifically informed all counsel that the order would be the form submitted by Plaintiff and would be signed as soon as the Court returned to work in Corpus Christi.

> Additionally, the Court finds that the announcement made to all counsel regarding the signing of the order was sufficient to create a duty of inquiry to obtain a copy of the order, as a specific ruling and timetable had been announced.

*See generally* TEX. R. CIV. P. 306a.

After considering the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, *see In re Essex Ins. Co.*, 450 S.W.3d at 528, and considering the juxtaposition of this original proceeding with the appeal that is currently pending, we conclude that the trial court's denial of relator's Rule 306a motion can be reviewed on appeal. *See, e.g., In re J.S.*, 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.); *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Welborn Mortgage Corp. v. Knowles*, 851 S.W.2d 328, 331–32 (Tex. App.—Dallas 1993, writ denied); *Hot Shot Messenger Serv. v. State*, 798 S.W.2d 413, 414–15 (Tex. App.—Austin 1990, writ denied). Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Delivered and filed the
11th day of January, 2017.

3