**Affirmed; Opinion Filed October 10, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01372-CV

**TOBY L. FURRH, Appellant**
**V.**
**NANCY R. NULISCH, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-03878-A**

## MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Pedersen, III[1]
Opinion by Justice Schenck

Toby Furrh appeals a take nothing summary judgment entered against him in his premises liability lawsuit against Nancy Nulisch for injuries he sustained while climbing a retractable attic ladder at her residence. In a single issue, Furrh argues the trial court erred in granting summary judgment because Nulisch did not conclusively establish she had no knowledge of an unreasonably dangerous condition, and that she conducted a proper inspection of the ladder and its housing before Furrh was injured. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] After submission of this case, Justice Brown was appointed to the United States District Court for the Northern District of Texas. Justice Pedersen succeeds her as a member of this panel.

## BACKGROUND

On or about April 27, 2015, Time Warner Cable dispatched Furrh and a co-worker trainee to Nulisch's residence to install phone, internet and cable services. Upon arriving, Furrh told Nulisch he needed to access the attic to assess the installation requirements. The attic is accessible by a retractable ladder that is lowered from the ceiling by a pull chain. After lowering the ladder, Furrh and the co-worker each climbed up and down the attic ladder one time without incident. Furrh then climbed the ladder a second time and stopped near the top to survey the attic with his cellphone's flashlight. At this point, the frame and ladder fell to the floor below. Furrh was injured during the fall. As a result, he underwent surgery to his shoulder, followed by physical therapy.

Following this incident, Furrh sued Nulisch claiming she was negligent in maintaining the premises. Nulisch answered denying Furrh's claim and asserting several affirmative defenses. After conducting discovery, Nulisch filed a motion for traditional summary judgment. In her motion, Nulisch asserted she had no knowledge of an unreasonably dangerous condition and she did not fail to inspect or warn of an unknown or latent condition. In response, Furrh maintained whether Nulisch had actual or constructive knowledge of the defective ladder is a question of fact precluding summary judgment. After considering the summary judgment evidence and reviewing the pleadings, the trial court granted Nulisch's motion for summary judgment. Furrh filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## STANDARD OF REVIEW

We review de novo the trial court's summary judgment. *Mid–Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). When reviewing a traditional summary judgment granted in favor of the defendant, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an affirmative

defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Beesley*, 358 S.W.3d at 418. The traditional summary judgment movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994). In deciding whether a disputed material fact issue exists precluding summary judgment, we must take evidence favorable to the non-movant as true, and we must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Sysco Food Servs.*, 890 S.W.2d at 800. When, as in this case, the court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the theories presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

## DISCUSSION

Premises liability is a special form of negligence in which the duty owed to the plaintiff depends on the plaintiff's status on the premises at the time of the injury causing event. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010). The plaintiff is usually classified as either an invitee, licensee, or trespasser. *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999). "An invitee is 'one who enters on another's land with the owner's knowledge and for the mutual benefit of both.'" *American Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (quoting *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)); *see also* RESTATEMENT (SECOND) OF TORTS § 332 (1965).

Here, the summary judgment evidence and the pleadings establish Furrh had been invited to Nulisch's home to install phone, internet and cable services. Accordingly, he occupied the status of an invitee at the time he was injured. Premises owners and operators owe a duty to keep their premises safe for invitees against conditions on the property that pose unreasonable risks of

harm. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007); *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). This duty, however, does not render the premises owner or operator an insurer of the invitee's safety. *See, e.g., Gonzalez*, 968 S.W.2d at 936. Premises owners are not strictly liable for conditions that result in injury. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983). The core of the duty depends on actual or constructive knowledge of a dangerous condition that a reasonable inspection would reveal. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). To prevail as the invitee plaintiff in this case, Furrh had to prove (1) actual or constructive knowledge of some condition on the premises by Nulisch that posed an unreasonable risk of harm; (2) Nulisch did not exercise reasonable care to reduce or eliminate the risk; and (3) Nulisch's failure to use such care proximately caused Furrh's injuries. *See Gonzalez*, 968 S.W.2d at 936 (Tex. 1998) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).

There is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, but courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition. *Univ. of Tex.–Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam). The actual knowledge required for premises liability is of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition can develop over time. *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006) (per curiam).

Constructive knowledge is a substitute in the law for actual knowledge. *CMH Homes*, 15 S.W.3d at 102. In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable

inspection.[2]  *Id.* at 102–103.  Temporal evidence, or evidence of the length of time the dangerous condition existed, is the best indication of whether the premises owner had a reasonable opportunity to discover and remedy the situation.  *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).

Nulisch asserted in her motion for summary judgment that, as a matter of law, she did not have actual or constructive knowledge of the dangerous condition that caused Furrh's injury.  In support of her motion, Nulisch relied on her own and Furrh's deposition testimony.  Nulisch's testimony established she and her late husband were the first and only owners of the home.  They purchased the house in 1989.  Neither she nor her husband worked on or modified the attic ladder.  Nulisch and other invitees to her home had climbed the attic ladder prior to Furrh's fall without incident.  An exterminator had been coming to Nulisch's property for years, including the month before the incident, and used the ladder each time without incident.  No one accessing the attic via the attic ladder advised Nulisch of any problem or issue concerning the ladder prior to Furrh's fall.  Furrh's testimony established he and his co-worker climbed the attic ladder prior to his fall and there were no "red flags."  He did not hear any wood cracking and there was no indication the second time he climbed the ladder that anything was about to happen.  Accordingly, Nulisch's summary judgment evidence established Nulisch received no reports of prior injuries or reports of a potential danger posed by the attic ladder prior to Furrh's fall.  Thus, her summary judgment evidence established Nulisch did not have actual knowledge of a condition that presented an unreasonable risk of harm.  *See* Aguilar, 251 S.W.3d at 513.  Furrh did not controvert this evidence.

---

[2] Furrh's reliance on this Court decision in *Welborn Mortg. Corp. v. Knowles* to urge there is a duty to discover a defect and that failing to do so amounts to the requisite knowledge is misplaced.  851 S.W.2d 328, 331 (Tex. App.—Dallas 1993, writ denied).  *Welborn* was not a premises defect case.  The issue presented in that case was whether the parties had notice of the judgment entered in the same case and we stated "[t]he law charges all parties and their lawyers with notice of all orders and judgments that the court renders in the case.  *Id.* (citing *Pentikis v. Tex. Electric Serv. Co.*, 470 S.W.2d 387, 390 (Tex. App.—Fort Worth 1971, writ ref'd n.r.e.)).  Accordingly, *Knowles* is neither instructive nor controlling.

As to constructive knowledge, the uncontroverted summary judgment evidence established the attic ladder functioned as it was intended to up to the moment Furrh fell and was injured. In fact, moments before the fall, Furrh climbed the ladder without incident. It was not until Furrh climbed the ladder a second time that there was an issue and even then Furrh was able to stand on the steps for a few seconds before the ladder system failed. Accordingly, the ostensibly dangerous condition existed for mere seconds, minutes at the most, and Nulisch did not have an opportunity to discover and remedy the situation. The evidence further established that any inspection of the attic ladder seconds before the incident in question, would not have revealed any condition requiring a warning. Consequently, Nulisch meet her burden of establishing a lack of constructive knowledge of the claimed defect. Furrh did not contradict this evidence. Rather, without citing any supporting or controlling authority, he suggests some formal inspection of the attic ladder was required and not performed. A premises owner's duty does not extend that far.

We conclude the summary judgment evidence conclusively negated the knowledge element of Furrh's claim. Consequently, the trial court did not err in granting Nulisch's motion for summary judgment. We overrule Furrh's sole issue.

### CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

181372F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOBY L. FURRH, Appellant

No. 05-18-01372-CV          V.

NANCY R. NULISCH, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-15-03878-A.
Opinion delivered by Justice Schenck.
Justices Whitehill and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee NANCY R. NULISCH recover her costs of this appeal from appellant TOBY L. FURRH.

Judgment entered this 10th day of October, 2019.